■ Evelyn Lyons et al., Respondents, v Cold Brook Creek Realty Corporation, Doing Business as Shoporama Plaza, et al., Appellants. [700 NYS2d 603] —Graffeo, J. Appeal from an order of the Supreme Court (Kramer, J.), entered June 3, 1999 in Schenectady County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff Evelyn Lyons (hereinafter plaintiff) slipped and fell on the sidewalk outside a Fleet Bank branch in the Town of Rotterdam, Schenectady County. At the time of the accident, snow had been falling for several hours and the parking lot and sidewalk were covered with approximately one-half inch of snow. Plaintiff and her husband, derivatively, commenced this action claiming that defendants were negligent in allowing melted snow and ice to drip from a sign atop of the sidewalk canopy onto the sidewalk, thereby allegedly creating an icy condition. After joinder of issue, defendants moved for summary judgment dismissing the complaint, asserting that the "storm in progress" doctrine and the lack of notice of the allegedly hazardous condition precluded liability. Supreme Court orally denied the motions* and defendants' appeal ensued.

It is axiomatic that landowners have a reasonable period of time to take corrective action of storm-related dangerous conditions after the cessation of a storm (*see, Wood v Converse*, 263 AD2d 860). In order to defeat defendants' motions for sum-

---

* Supreme Court's decision was evidently made orally but a transcript of the proceedings was not included in the record.

mary judgment based on stormy weather conditions, plaintiffs must demonstrate by admissible evidence that the condition which caused plaintiff's accident existed prior to the storm and that the precipitation or snow accumulation from the ongoing storm was not the cause of the fall (*see, Jornov v Ace Suzuki Sales & Serv.*, 232 AD2d 855, 856; *see also, Swartz v Liberatore*, 254 AD2d 692). In addition, liability will not be imposed unless defendants had actual or constructive notice of the hazard (*see, Schleifman v Prime Hospitality Corp.*, 246 AD2d 789; *Stern v Ofori-Okai*, 246 AD2d 807, 808; *see also, Reynolds v Masonville Rod & Gun Club*, 247 AD2d 682). A general awareness of the existence of a potentially dangerous condition is not sufficient to constitute constructive notice (*see, Wood v Converse, supra*, at 861; *Hamilton v Rite Aid Pharmacies*, 234 AD2d 778, 779); rather plaintiff must establish that the dangerous condition was "visible and apparent, and * * * existed for a sufficient period of time prior to plaintiff's accident to allow defendant's personnel to discover and remedy it" (*Byrd v Church of Christ Uniting*, 192 AD2d 967, 969; *see, Schleifman v Prime Hospitality Corp., supra*, at 790).

Here, the meteorological evidence in the record reveals that it had been snowing since early in the morning on the day of the accident and the temperature was near zero degrees Fahrenheit. Plaintiff acknowledged that about one-half inch of snow covered the parking lot upon her arrival at the shopping center and that it was still snowing when she entered the bank. Although plaintiffs contend that an icy condition was formed prior to the storm and that the dangerous condition was not caused by the snowstorm, plaintiffs have submitted insufficient evidence to support this proposition. Plaintiffs rely upon the deposition testimony of a maintenance worker who initially stated that he had no recollection of observing water dripping from the sign, but later testified that "[i]f there is any signs, and they have fluorescent tubes in it, naturally, if there is snow on there, the heat would melt that snow" and water would drip on the sidewalk. However, when asked if he remembered seeing any puddles or accumulation of water on the ground under the sign, he responded in the negative, "because that sidewalk pitches out towards the road". He indicated that on occasion he had observed water dripping from the bank's sign when the sign was illuminated. In any event, the record is devoid of any evidence which suggests that water dripping from the sign created an alleged icy condition on the date of plaintiff's fall. Also, neither plaintiff nor any witness testified that they observed ice under the snow in the area where plaintiff fell. Viewing the evidence in a light most favorable to

plaintiffs, we find inadequate evidence "that this 'old' ice caused [her] fall" (*Granato v Bella Vista Group Assocs.*, 239 AD2d 781, 783; *see, Wood v Converse, supra*, at 861; *Jornov v Ace Suzuki Sales & Serv., supra*, at 856).

There is further no evidence which established that defendants had actual or constructive notice of the alleged dangerous condition. The manager of the Fleet Bank branch testified that although it was snowing, he did not observe icy conditions prior to the accident and did not notice any water dripping from the sign at the time of plaintiff's accident. Notably, the only time plaintiff noticed frozen water on the canopy was when she visited the site of the accident with her attorney subsequent to the accident.

Lastly, plaintiffs' assertion that liability may be imposed based on defendants' alleged creation of the dangerous condition is without merit. Because there is insufficient admissible proof that the alleged dangerous condition was the result of water dripping from the sign in question, plaintiffs' contention is too speculative to raise an issue of fact to defeat defendants' motions for summary judgment (*cf., Dapp v Larson*, 240 AD2d 918, 919; *Granato v Bella Vista Group Assocs., supra*, at 783).

Cardona, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted, summary judgment awarded to defendants and complaint dismissed.