■ Maria Cohen, Appellant, v A.R. Fuel, Inc., et al., Respondents, et al., Defendant. [736 NYS2d 143] —Peters, J. Appeal from an order of the Supreme Court (Kane, J.), entered December 20, 2000 in Sullivan County, which granted defendants' motions for summary judgment dismissing the complaint.

On January 30, 1998, at approximately 9:00 A.M., plaintiff allegedly slipped and fell while walking to her car in the parking lot of the apartment complex where she resided in the Town of Monticello, Sullivan County. As a result of the fall, she commenced this action against the owner of the apartment complex, the company hired to manage the complex and the apartment association (hereinafter collectively referred to as defendants) for their failure to maintain the premises in a reasonably safe condition. Plaintiff also sued defendant Rick Osburn, who was hired by defendants to do sanding and snow removal at the complex. Following joinder of issue, defendants and Osburn successfully moved for summary judgment, prompting this appeal by plaintiff.*

In support of the theory alleging that the injury-producing event occurred during a storm in progress, thereby affording defendants "a reasonable time after the cessation of the storm or temperature fluctuation which caused the hazardous condition to take corrective action" (*Downes v Equitable Life Assur. Socy. of U.S.*, 209 AD2d 769, 769; *see, Jensen v Roohan*, 233 AD2d 587, 588), the affidavit of Karen Martin, the emergency

---

* Plaintiff has failed to challenge the granting of summary judgment to Osburn and, therefore, we deem the issue abandoned (*see, Gibeault v Home Ins. Co.*, 221 AD2d 826, 827 n 2).

medical technician who responded to the call, was submitted. She averred that the weather conditions that morning were "overcast, cold [with] light rain * * * falling. As the rain came in contact with the pavement it froze, thereby causing an extremely icy condition"; she reported that both driving and walking were hazardous at that location. Martin described the parking lot at the time of her arrival at the apartment complex as "extremely icy due to the falling precipitation." Upon her exit from the ambulance, she observed plaintiff lying on the ice-covered pavement in the parking lot, describing the ice as "crystal clear." Defendants also submitted the affidavit of Dean Smith, a Department of Transportation (hereinafter DOT) employee responsible for the maintenance of all State roads in Sullivan County. According to the official DOT log book, which records weather and road conditions at specific locations on an hourly basis for the purpose of coordinating corrective measures, there existed a continuing condition of rain, sleet, freezing rain and icy roads in Sullivan County, specifically Monticello, beginning shortly after 9:00 P.M. on January 29, 1998 continuing through, at least, 10:00 A.M. on January 30, 1998 where the temperature was 35 degrees with light rain continuing to fall; plaintiff's own testimony supports these observations.

With the burden shifted to plaintiff to rebut defendants' reliance on the "storm in progress" doctrine or raise a triable issue of fact as to whether the ice upon which she allegedly slipped was the product of a climatic condition prior to this precipitation (*see, Dunn v 726 Main & Pine*, 255 AD2d 981, 982; *Jensen v Roohan, supra*, at 588), plaintiff submitted the report of Barry Grossman, a meteorologist. He indicated that the skies were cloudy, there was a light drizzle and the temperature was 34 degrees at the time of the incident. Further submitted were the affidavits of Debra Cohen and Edward Tsybulnik, plaintiff's daughter and her boyfriend, respectively, who both stated, in virtually identical affidavits, that there was no frozen precipitation at the time of plaintiff's fall. Notably, both Cohen and Tsybulnik were not present at the time of plaintiff's injury and, despite the fact that the precipitation may not have been frozen at the time of their observations, they failed to offer any evidence to rebut defendants' showing that an icy condition was created upon the rain's contact with the pavement. "Inasmuch as the ice on which plaintiff slipped was produced by winter weather conditions—namely, a drizzling rain coupled with falling temperatures—which were ongoing at the time of the accident, defendant[s] cannot be held liable for plaintiff's injuries merely because [they] failed to remove the ice * * *" (*Micheler*

*v Gush*, 256 AD2d 1051, 1052 [citations omitted]; *see, Zima v North Colonie Cent. School Dist.*, 225 AD2d 993, 994).

We further find that plaintiff failed to create an issue of fact as to whether the ice upon which she slipped was present for a sufficient period of time prior to the storm such that defendants could be found to have had actual or constructive notice thereof (*see, Lavergne v District Three IUE Troy Hills Hous. Corp.*, 275 AD2d 545, 545). By her own testimony, plaintiff speculated that she slipped on ice "[b]ecause how am I[ ] going to slip somewhere dry—to tell you the truth, I don't remember." Although she further testified that she observed icy spots in the parking lot near the area of her fall, she described them appearing "[l]ike a crystal, like a glass"; a description similar to Martin's. With no other evidence that the asserted hazard was either visible or apparent, let alone present for a sufficient period of time to allow defendants to discover and rectify the problem, we are in accord with Supreme Court's conclusion that plaintiff's assertion that the ice was the product of a prior snowfall is wholly speculative and insufficient to defeat defendants' motion for summary judgment. In so finding, we acknowledge the testimony of the maintenance supervisor who recalled seeing patches of snow mostly in the grassy areas of the parking lot but find his testimony to be insufficient, standing alone, to defeat the motion.

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.