■ ANTHONY CONVERTINI et al., Appellants, v STEWART'S ICE CREAM COMPANY, INC., Respondent. [743 NYS2d 637] —Crew III, J.P. Appeal from an order of the Supreme Court (Demarest, J.), entered May 30, 2001 in St. Lawrence County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Anthony Convertini and his spouse, derivatively, commenced this action seeking to recover for injuries allegedly sustained by him on January 18, 1999 when he purportedly slipped and fell on ice that had accumulated around the gas pump island located on defendant's property in the Town of Massena, St. Lawrence County. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint contending that Convertini's accident occurred during or immediately following an ongoing winter storm.

Plaintiffs opposed the motion contending that the ice upon which Convertini slipped and fell predated the episode of sleet and freezing rain that occurred on the morning in question. Supreme Court granted defendant's motion, finding plaintiffs' proof of a preexisting icy condition to be conclusory and speculative. This appeal by plaintiffs ensued.

We affirm. The "storm in progress" rule provides that "[a] party in possession or control of real property has a reasonable period of time after the cessation of a storm in which to take protective measures to correct storm-created hazardous ice and snow conditions" (*Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668; *see, Chapman v Pounds*, 268 AD2d 769). In support of its motion for summary judgment, defendant submitted, inter alia, the affidavit of William Sherman, a meteorologist. Sherman's review of the pertinent weather data revealed that the temperature in the Massena area remained below freezing from approximately 6:00 P.M. on January 17, 1999 to approximately 9:00 A.M. on January 18, 1999 and, further, that a light freezing rain fell from approximately 6:45 A.M. to 7:40 A.M. on January 18, 1999. Due to the then prevailing temperatures, Sherman opined that "any such precipitation would have frozen immediately upon contact with the ground and stayed frozen until such time as the ground temperature got above freezing," which did not occur until some point after 9:00 A.M. on the morning in question. Convertini's accident occurred at approximately 8:00 A.M. on January 18, 1999—a mere 20 minutes after the freezing precipitation ceased. Such proof, in our view, was sufficient to discharge defendant's initial burden on the motion for summary judgment.

In opposition to defendant's motion, plaintiffs argued (and continue to argue in their brief on appeal) that the storm in progress rule is inapplicable here inasmuch as the ice upon which Convertini allegedly slipped and fell existed prior to whatever ice may have formed as a result of the freezing sleet and rain that fell on the morning of the accident and, further, that defendant, through its employees, had actual or constructive notice thereof. To support their "old ice" theory, plaintiffs submitted an affidavit from meteorologist Phillip Falconer, who recited the snowfall history for the Massena area during the week prior to Convertini's accident. According to Falconer, a 26-hour thaw ensued over the weekend of January 16, 1999 to January 17, 1999, which would have released "melt" from the 20-inch snowpack that had developed previously. This melt, in Falconer's opinion, would have frozen over on the evening of January 17, 1999 and remained frozen through 9:00 A.M. on

January 18, 1999. Relying upon Convertini's assertion that the ice upon which he fell was one-inch thick in places, Falconer concluded that the ice upon which Convertini fell was not the product of the sleet and freezing rain that fell on the morning of the accident but, rather, was the result of the thaw/freeze episode that had taken place the night before. The flaw in this expert opinion, however, is that other than Convertini's conclusory and unsubstantiated assertion that the ice upon which he fell "looked like it had been there for up to several days," there is nothing in the record before us to support plaintiffs' claim that Convertini fell on ice that had accumulated prior to the sleet and freezing rain that fell and froze on the morning of the accident (see, *Chapman v Pounds*, 268 AD2d 769, 770-771, *supra*).

Although plaintiffs argue that Diana Yaddow, a cashier employed by defendant, had actual or constructive notice of an icy condition in the parking lot, the record as a whole does not support such a finding. To be sure, Yaddow testified at her examination before trial that she salted the area in front of the store and around the gas pump island upon arriving at work that morning. Yaddow also testified that following Convertini's fall, she observed that those portions of the parking lot that she had not previously salted indeed were icy. Yaddow was not questioned, however, regarding the specific condition of the lot upon her arrival at work that day, i.e., she never was asked whether ice already had accumulated in the parking lot and/or around the gas pump island and, if so, how much or, to her knowledge, how long it had been there. Moreover, even assuming that Yaddow possessed a general awareness of any icy condition and the corresponding need to salt the area, such knowledge would be insufficient to impute actual or constructive notice of the specific hazardous condition allegedly existing in the area where Convertini fell (see, *id.*; *Lyons v Cold Brook Creek Realty Corp.*, 268 AD2d 659, 660). Nor is there anything in the record to support a finding that Yaddow's decision to salt the area in front of the store and around the gas pump island somehow exacerbated an already hazardous condition (see, *Micheler v Gush*, 256 AD2d 1051, 1052; *Marrone v Verona*, 237 AD2d 805, 806, *lv dismissed* 90 NY2d 885). In light of the foregoing, we are of the view that plaintiffs failed to come forward with sufficient admissible proof to defeat defendant's motion and, therefore, Supreme Court's order is affirmed.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.