■ Maria Campagnano et al., Appellants, v Highgate Manor of Rensselaer, Inc., Doing Business as Highgate Manor, et al., Respondents. [749 NYS2d 595] —Spain, J. Appeal from an order of the Supreme Court (Caruso, J.), entered July 30, 2001 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

This action arises out of an incident which occurred during the morning hours of March 7, 1996 outside of the entrance to Highgate Manor, a nursing and rehabilitation facility operated by defendant Highgate Manor of Rensselaer, Inc. and located in the City of Troy, Rensselaer County, which is owned by defendant Meditrust of New York, Inc. On that day, between 7:30 A.M. and 8:30 A.M., plaintiff Maria Campagnano (hereinafter plaintiff) was dropped off by her husband at the entrance to defendants' facility to pick up their son, who was a patient at the facility. The ground in front of the entrance was black-topped, with a carpet covering the area closest to the entrance underneath an overhang. Plaintiff asserted in her deposition that, when she got out of the car and walked toward the entrance, she noticed that there was ice covered with snow on the blacktop. At that time, it was snowing lightly and had snowed the previous day and evening.

Plaintiff entered defendants' premises without incident and did not report the visible, icy condition. Sometime around 10:00 A.M., as she was exiting the facility, she slipped and fell on a large patch of snow-covered ice while she was pushing her son in his wheelchair. Plaintiff stated that it appeared that the ice had been there for some time since it was partially dirty and because it had not rained recently. Plaintiff's husband, who was present at the time that plaintiff fell, testified that during their drive to the facility on the morning of the incident, he observed that ice was underneath the snow "everywhere," and that it was snowing at the time of their arrival, as well as at the time of the incident. As a result of her fall, plaintiff sustained injuries to her right knee.

Plaintiff and her husband, derivatively, commenced this action premised in negligence. Following the completion of discovery, defendants moved for summary judgment dismiss-

ing the complaint. Supreme Court granted defendants' motion, reasoning, among other things, that there was a storm in progress at the time of the incident. Plaintiffs appeal and we affirm.

"It is axiomatic that landowners have a reasonable period of time to take corrective action of storm-related dangerous conditions after the cessation of a storm" (*Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 659 [citation omitted]). Where the claim is that the dangerous condition was produced prior to the storm, the plaintiff must demonstrate this by admissible evidence and show that the precipitation from the storm in progress was not the cause of the incident (*see Cohen v A.R. Fuel*, 290 AD2d 640, 641; *Lyons v Cold Brook Cr. Realty Corp.*, *supra* at 660).

Defendants satisfied their prima facie burden of proving that there was a storm in progress at the time of the incident. In support of their motion, defendants submitted the affidavit of Howard Altschule, a meteorologist, who stated that "within a reasonable degree of meteorological certainty that there was a snowstorm in progress from 9:37 P.M. * * * on March 6, 1996, through 11:59 P.M. * * * on March 7, 1996, varying from light to occasional moderate snowfall"; also, he stated that, at 10:00 A.M. on March 7, 1996, there was light snow falling, two inches of snow had already accumulated and it continued to snow steadily until late that same evening. Contrary to plaintiffs' claims, the supplemental report to Altschule's affidavit summarizes the meteorological data on which he relied and his affidavit explicitly references such data. As such, Altschule's affidavit, combined with plaintiffs' admissions, established that a storm was in progress at the time of the incident.

The burden then shifted to plaintiffs to establish that there was a genuine issue of material fact regarding whether the icy condition existed prior to the storm (*see Cohen v A.R. Fuel*, *supra* at 641; *Lyons v Cold Brook Cr. Realty Corp.*, *supra* at 659-660). We afford little credence to plaintiff's affidavit offered in opposition to defendants' motion for summary judgment, since it contradicts statements that she made during her deposition testimony, and a nonmovant cannot "avoid summary judgment by alleging issues of fact created by self-serving affidavits contradicting prior sworn deposition testimony" (*Greene v Osterhoudt*, 251 AD2d 786, 788). During her deposition, plaintiff testified that, upon her arrival at defendants' facility, she noticed that there was ice and snow in the area in front of the entrance. In her affidavit, however, plaintiff claimed that she did not notice or observe the ice prior to falling. On the issue of whether the icy condition preceded the storm, plaintiff's

contentions that the ice must have been there for some time because it was dirty and that the icy condition could not have occurred during the snowstorm because there had been no freezing rain or temperature fluctuations were purely speculative and are rejected (*see Jornov v Ace Suzuki Sales & Serv.*, 232 AD2d 855, 857; *Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556, 557). As plaintiffs failed to support their claim that the ice had accumulated prior to the same snowstorm which was taking place when plaintiff fell, summary judgment was properly granted to defendants (*see Convertini v Stewart's Ice Cream Co.*, 295 AD2d 782, 784).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.