■ Patricia A. Simmons et al., Appellants, v Oswego County Savings Bank, Respondent. [761 NYS2d 562] —Appeal

from an order of Supreme Court, Oswego County (Nicholson, J.), entered June 10, 2002, which granted defendant's motion for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for personal injuries sustained by Patricia A. Simmons (plaintiff) when she slipped and fell on snow-covered ice, approximately one-third-inch to one-inch thick, in a parking lot owned by defendant. Defendant failed to meet its initial burden of establishing its entitlement to judgment as a matter of law on its motion for summary judgment dismissing the complaint, and thus Supreme Court erred in granting defendant's motion (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendant failed to establish that it lacked constructive notice of the icy condition, i.e., that "the ice formed so close in time to the accident that [defendant] could not reasonably have been expected to notice and remedy the condition" (*Jordan v Musinger*, 197 AD2d 889, 890 [1993]; *see Duman v City of Buffalo*, 269 AD2d 848, 849 [2000]). In addition, defendant failed to submit evidence to support its conclusory assertion that plaintiff's injuries were caused by the light snow falling at the time plaintiff fell rather than "ice that was present prior to the date on which plaintiff fell" (*Stalker v Crestview Cadillac Corp.*, 284 AD2d 977, 978 [2001]). The failure of defendant to meet its initial burden requires denial of the motion regardless of the sufficiency of plaintiffs' opposing papers (*see Perrone v Ilion Main St. Corp.*, 254 AD2d 784, 785 [1998]; *Jordan*, 197 AD2d at 889). We therefore reverse the order, deny defendant's motion and reinstate the complaint. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.