■ SHERRILYNN EDICK et al., Appellants, v PAUL DELIMA COMPANY, INC., Respondent, et al., Defendant. (And a Third-Party Action.) [775 NYS2d 385]—

Mercure, J.P. Appeal from an order of the Supreme Court (Sise, J.), entered July 2, 2003 in Fulton County, which, inter alia, granted a motion by defendant Paul deLima Company, Inc. for summary judgment dismissing the complaint against it.

On April 29, 1999, plaintiff Sherrilynn Edick (hereinafter plaintiff) received an electric shock while working at a convenience store in the Town of Amsterdam, Montgomery County, when she attempted to clean a coffee maker. A subsequent investigation revealed that a heating element had been exposed to water in the coffee maker which, when coupled with the lack of a ground wire, electrified the steel housing of the coffee maker. The machine had been grounded to a copper water supply pipe, but the ground wire was later removed when some of the copper pipe was replaced by plastic tubing. Plaintiffs then commenced this action against defendant Paul deLima Company, Inc. (hereinafter defendant), which delivered coffee and serviced the coffee maker as needed pursuant to an oral agreement, and defendant Talon, Inc., which performed general inspections, maintenance and repairs at the store. As relevant here, defendant moved for summary judgment, arguing that it owed no duty to plaintiff. Supreme Court granted defendant's motion and plaintiffs now appeal.

We affirm. "[O]rdinarily, breach of a contractual obligation

will not be sufficient in and of itself to impose tort liability to noncontracting third parties upon the promisor" (*Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *Hopps v Pengate Handling Sys. of N.Y.*, 307 AD2d 665, 666 [2003]). There are three exceptions to this general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, 'launche[s] a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs., supra* at 140 [citations omitted], quoting *H.R. Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Hopps v Pengate Handling Sys. of N.Y., supra* at 666).

Plaintiffs contend that the third exception applies here, relying heavily on *Palka v Servicemaster Mgt. Servs. Corp.* (83 NY2d 579 [1994]). It is well settled, however, "that tort liability for breach of contract will not be imposed merely because there is some safety-related aspect to the unfulfilled contractual obligation" (*Church v Callanan Indus., supra* at 112). Instead, liability will attach only if defendant's safety responsibilities are "comprehensive[ ] and exclusiv[e]" under the contract (*Hopps v Pengate Handling Sys. of N.Y., supra* at 666; *see Palka v Servicemaster Mgt. Servs. Corp., supra* at 588-589).

Unlike the service agreement at issue in *Palka*, where the contractor was to be the sole provider of "all support services employed in the performance of daily maintenance duties" at the hospital where the plaintiff was injured (*Palka v Servicemaster Mgt. Servs. Corp., supra* at 588), defendant here did not assume exclusive control over all safety obligations in regard to the coffee maker. Instead, defendant shared its maintenance obligation with Talon, which had a separate service contract to provide around-the-clock maintenance and whose employees would fix problems not specifically reported by store personnel. Indeed, Talon employees grounded the coffee maker both prior to and after the accident, and inspected the coffee maker after plaintiff's injury. Talon employees had also moved the coffee maker to a new location in the store prior to the accident without informing defendant. In contrast, defendant's service technicians would visit the store only if requested to do so. Under these circumstances, we cannot say that defendant entered into a comprehensive and exclusive agreement to inspect, maintain and repair the coffee maker (*cf. id.* at 584, 588). Inasmuch as defendant "had no reason 'to foresee the

likelihood of physical harm to third persons as a result of reasonable reliance by the [store's owners] on [it] to discover [the problem with the coffee maker]' " (*Church v Callanan Indus.,* supra at 114, quoting *Palka v Servicemaster Mgt. Servs. Corp.,* supra at 589), Supreme Court properly granted defendant's motion for summary judgment.

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.