■ ROBERT PARKER, Appellant, v RUST PLANT SERVICES, INC., Respondent. [780 NYS2d 230]—

Spain, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered June 4, 2003 in Washington County, which granted defendant's motion for summary judgment dismissing the complaint.

On January 4, 1998, plaintiff sustained serious injuries when he slipped and fell on an accumulation of ice which had formed around an outdoor propane tank storage rack at his employer's facility in the Town of Fort Edward, Washington County. He commenced this action alleging that defendant, an independent contractor responsible for performing general maintenance at the plant—including ice and snow removal—was negligent in a number of ways, including its failure to remove the ice from the area. Defendant moved for summary judgment dismissing the complaint on the grounds that, among other things, the accident had occurred during an ice storm in progress and defendant was an independent contractor of plaintiff's employer. Supreme Court granted the motion dismissing the complaint based on its determination that plaintiff's proof of a preexisting icy condition was speculative, and that defendant, as an independent contractor, did not owe plaintiff a duty of care. Plaintiff now appeals and we affirm.

It is well settled that "[a] party in possession or control of real property has a reasonable period of time after the cessation of a storm in which to take protective measures to correct storm-created hazardous ice and snow conditions" (*Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668 [1994]; *see Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]; *Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 659 [2000]), and where, as here, the allegation is that the icy surface was created sometime before the storm, it is plaintiff's burden to establish "that the precipitation from the storm in progress was not the

cause of the incident" (*Campagnano v Highgate Manor of Rensselaer, supra* at 715; *see Cohen v A.R. Fuel*, 290 AD2d 640, 641 [2002]; *Lyons v Cold Brook Cr. Realty Corp., supra* at 660).

Defendant satisfied its initial burden of demonstrating that there was a storm in progress by way of the affidavit of a meteorologist who stated that, on the day of plaintiff's accident, freezing rain started to fall around 3:00 P.M. and lasted until midnight. Notably, plaintiff's slip and fall occurred at approximately 6:00 P.M. Thus, "[t]he burden then shifted to plaintiff[ ] to establish that there was a genuine issue of material fact regarding whether the icy condition existed prior to the storm" (*Campagnano v Highgate Manor of Rensselaer, supra* at 715; *see Cohen v A.R. Fuel, supra* at 641; *Lyons v Cold Brook Cr. Realty Corp., supra* at 659-660). Plaintiff concedes—through the affidavit of meteorologist William Sherman—that freezing rain fell in the area of the plant during the relevant period of time, but argues that the precipitation was insufficient to create the layer of ice on which he slipped and fell. Sherman opined that plaintiff slipped and fell on an accumulation of ice created by fluctuating temperatures and cycles of thawing and refreezing in the few days prior to the incident in the Fort Edward area. However, Sherman's affidavit does not specifically address the exact location where plaintiff fell nor directly refute the notion that plaintiff fell due to conditions created by the storm in progress. Where there is meteorological evidence of precipitation prior to the day of a storm in progress slip and fall incident, speculation that the ice upon which the plaintiff fell was preexisting ice is insufficient to defeat a motion for summary judgment (*see Campagnano v Highgate Manor of Rensselaer, supra* at 715-716; *Convertini v Stewart's Ice Cream Co.*, 295 AD2d 782, 783-784 [2002]). Accordingly, plaintiff failed to meet his burden of demonstrating the existence of a material question of fact regarding whether the ice upon which he fell existed prior to the storm.

We also conclude that Supreme Court properly granted defendant's motion for summary judgment on the basis that defendant was an independent contractor and did not assume an exclusive or comprehensive obligation to maintain its premises free of snow and ice so as to displace such duty of plaintiff's employer, Irving Tissue, Inc. (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-140 [2002]; *Edick v Paul deLima Co.*, 6 AD3d 864, 865 [2004]; *Hopps v Pengate Handling Sys. of N.Y.*, 307 AD2d 665, 666 [2003]). Plaintiff's assertion that Irving Tissue had no responsibility with respect to snow and ice removal is belied by a review of the general services agreement between

defendant and Irving Tissue which specifically provided that Irving Tissue retained the authority to review and approve of defendant's maintenance procedures, operations and personnel. The retention of such authority confirms that defendant did not assume exclusive responsibility for the maintenance work to be performed at the plant. Plaintiff's only proof to support his theory was his own testimony and that of coworkers who merely stated that defendant took over maintenance, including snow and ice removal. This evidence is insufficient to raise a triable issue of fact as to whether defendant comprehensively and exclusively undertook responsibility for snow and ice removal (*compare Espinal v Melville Snow Contrs., supra* at 140; *Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 589-590 [1994]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.