■ THERESE MOSQUERA et al., Appellants, v ROBERT ORIN, Respondent. [852 NYS2d 421]—

Mercure, J.P. Appeals (1) from an order of the Supreme Court (Pulver, Jr., J.), entered September 8, 2006 in Greene County, which, among other things, ordered plaintiffs to pay certain costs to defendant's counsel, and (2) from an order of said court,

entered May 23, 2007 in Greene County, which granted defendant's motion for summary judgment dismissing the complaint.

In March 2003, plaintiff Therese Mosquera (hereinafter plaintiff) was injured when she slipped and fell on a pathway in front of defendant's residence. Plaintiff had been hired to perform housecleaning at the residence and was carrying a mop at the time of the incident. Snow had been falling for approximately one hour, and one-quarter inch had accumulated on the pathway and surrounding areas. Plaintiff nevertheless attributed her fall to a patch of ice that formed prior to commencement of the storm in progress.

Thereafter, plaintiff and her husband, derivatively, commenced this action, alleging that defendant was negligent in maintaining the pathway. In September 2006, Supreme Court directed plaintiffs to reimburse defendant for certain physician's fees allegedly incurred when plaintiff failed to appear for an independent medical examination scheduled by defendant's counsel. The court subsequently granted defendant's motion for summary judgment dismissing the complaint. Plaintiffs appeal and we now reverse the order awarding fees, and affirm the order dismissing the complaint.

" 'It is axiomatic that landowners have a reasonable period of time to take corrective action of storm-related dangerous conditions after the cessation of a storm' " (*Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002] [citation omitted]; *see Convertini v Stewart's Ice Cream Co.*, 295 AD2d 782, 783 [2002]). Here, defendant satisfied his initial burden in connection with his motion for summary judgment by presenting undisputed evidence that there was a storm in progress at the time of the incident (*see Parker v Rust Plant Servs., Inc.*, 9 AD3d 671, 673 [2004]; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d at 715). The burden therefore shifted to plaintiffs to establish that the accident was caused by ice that existed prior to the storm—as they claim—rather than precipitation from the storm in progress (*see Martin v Wagner*, 30 AD3d 733, 735 [2006]; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d at 715; *Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 659-660 [2000]). "In addition, liability will not be imposed unless defendant[ ] had actual or constructive notice of the hazard[, and a] general awareness of the existence of a potentially dangerous condition is not sufficient to constitute constructive notice" (*Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d at 660 [citations omitted]; *see Convertini v Stewart's Ice Cream Co.*, 295 AD2d at 784).

Plaintiff stated in deposition testimony that she had not seen any ice prior to her fall, and had concluded that she fell on ice only because, after falling and losing consciousness, she could not maintain her footing when she tried to get up. Her submitted meteorological report does not address the specific location of the accident or refute defendant's claim that plaintiff fell due to conditions created by the storm in progress. Moreover, there is no evidence to support plaintiffs' assertion that the slippery condition was created by puddles formed when water ran off defendant's roof without gutters, collected on the pathway, and then froze to form ice on the pathway. This assertion—which is not supported by evidence that plaintiff observed any frozen puddles—is merely speculative and, thus, insufficient to defeat a motion for summary judgment (*see Parker v Rust Plant Servs., Inc.*, 9 AD3d at 673; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d at 716; *Convertini v Stewart's Ice Cream Co.*, 295 AD2d at 784). Finally, defendant's general awareness that small puddles occasionally formed in the pathway and that the pathway was sometimes slippery during the winter is not sufficient, in itself, to impute actual or constructive notice of any specific condition existing on the day of the accident (*see Cardinale v Watervliet Hous. Auth.*, 302 AD2d 666, 667 [2003]; *Convertini v Stewart's Ice Cream Co.*, 295 AD2d at 784; *Chapman v Pounds*, 268 AD2d 769, 770-771 [2000]; *Wood v Converse*, 263 AD2d 860, 861 [1999]). Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Inasmuch as the record is wholly silent regarding the propriety of defendant's request for fees incurred when plaintiff allegedly failed to appear for an independent medical examination (*cf. Flynn v Debonis*, 246 AD2d 852, 853 [1998]; *Wolford v Cerrone*, 184 AD2d 833, 833-834 [1992]), we reverse the order awarding fees and remit for further development of the record.

Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order entered September 8, 2006 is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision. Ordered that the order entered May 23, 2007 is affirmed, without costs.