IRENE GRINNELL, Appellant, v PHIL ROSE APARTMENTS, LLC, Respondent. [876 NYS2d 527]—

Lahtinen, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered January 18, 2008 in Warren County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff fractured her right leg when, at approximately 1:30 P.M. on December 12, 2005, she allegedly slipped on ice and fell off the porch of a building owned by defendant where she rented an apartment. She commenced this negligence action and, following disclosure, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, finding, among other things, that the accident occurred during a storm in progress and that plaintiff failed to raise a factual issue as to whether an icy condition existed on the porch prior to the storm. Plaintiff appeals arguing that factual issues exist both as to whether there was a storm in progress and whether she fell on ice that had existed for several days.

"[L]andowners have a reasonable period of time to take corrective action of storm-related dangerous conditions after the cessation of a storm" (*Mosquera v Orin*, 48 AD3d 935, 936 [2008] [internal quotation marks and citations omitted]; *see Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 659-660 [2000]). Defendant submitted an affidavit from a meteorologist stating that, from midnight until 3:00 P.M. on the day of the accident, a snowstorm moved across the relevant region resulting in intermittent light snow that accumulated about one inch

during that time. This constituted adequate evidence that there was a storm in progress at the time of the accident with sufficient snowfall to cause a slippery condition, and thus the burden shifted to plaintiff to rebut this proof. Plaintiff's meteorologist, while focusing on larger snowstorms that occurred on December 9, 2005 and shortly after the accident starting at 4:30 P.M. on December 12, 2005, acknowledged that "light snow [fell] off and on through the day on December 12, 2005." Moreover, plaintiff, although she recalled the most significant precipitation as falling during the night before the accident in the form of ice, indicated at her deposition that she thought it was snowing lightly when she fell and remembered light drizzle as she was sitting on the ground waiting for the ambulance. This evidence reveals lulls in the storm, but a short lull in the course of a storm does not remove a case from the storm in progress doctrine (*see Martin v Wagner*, 30 AD3d 733, 734-735 [2006]; *Krutz v Betz Funeral Home*, 236 AD2d 704, 705 [1997], *lv denied* 90 NY2d 803 [1997]). We thus agree with Supreme Court that a storm was in progress when plaintiff fell.

"The burden therefore shifted to plaintiff[ ] to establish that the accident was caused by ice that existed prior to the storm . . . rather than precipitation from the storm in progress" (*Mosquera v Orin*, 48 AD3d at 936 [citations omitted]). Plaintiff's meteorologist opined that the icy condition was caused by a storm that produced about six inches of snow three days before the accident. However, plaintiff testified that the slippery condition that caused her accident resulted from the storm that had started the night before the accident. And, although she resided at the premises and used the subject porch to enter and exit her apartment, she did not testify or submit an affidavit indicating that the condition that caused her fall existed during the time between the December 9, 2005 storm and the December 12, 2005 storm that was in progress when she fell. She agreed that she had made no complaints to defendant about the condition of the porch between such dates. Under these circumstances, the proof was insufficient to raise a triable issue that a preexisting condition caused the accident (*see id.* at 937; *Parker v Rust Plant Servs., Inc.*, 9 AD3d 671, 673 [2004]).

Mercure, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.