■ SHAWN SULLIVAN, Appellant, v RGS ENERGY GROUP, INC., et al., Respondents. [910 NYS2d 776]—

Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered May 29, 2009 in a personal injury action. The judgment and order granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the judgment and order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he slipped and fell on ice at the work site. We conclude that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. Plaintiff's claims pursuant to Labor Law § 241 (6) against each defendant, as amplified by the supplemental bill of particulars, are premised solely on defendants' alleged violation of 12 NYCRR 23-1.7 (d). That Industrial Code regulation is sufficiently specific to support a Labor Law § 241 (6) claim (*see Tronolone v New York State Dept. of Transp.*, 71 AD3d 1488 [2010]), and there is an issue of fact whether the area where plaintiff fell was a passageway or walkway within the meaning of that regulation (*see generally Smith v McClier Corp.*, 22 AD3d 369 [2005]; *Bopp v A.M. Rizzo Elec. Contrs., Inc.*, 19 AD3d 348, 350 [2005]; *Kerins v Vassar Coll.*, 293 AD2d 514, 515 [2002]).

We further conclude that the court erred in granting those parts of defendants' motion with respect to the Labor Law § 200 claims and common-law negligence causes of action. With respect to Labor Law § 200 and common-law negligence, "[w]here a plaintiff's claim arises due to a defect or dangerous condition at the work site . . . [and] a defendant moves for summary judgment dismissing a Labor Law § 200 claim [and a common-law negligence cause of action], it must establish, as a matter of law, that it did not create, nor have actual or constructive notice of, the dangerous condition alleged" (*Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1220-1221 [2007]; *see Finger v Cortese*, 28 AD3d 1089, 1090 [2006]). Inasmuch as this case arises from plaintiff's slip and fall on ice, i.e., "a dangerous premises condition" (*Navarro v City of New York*, 75 AD3d 590, 591 [2010]), defendants were required to establish "that the ice formed so close in time to the accident that [they] could not reasonably have been expected to notice and remedy the condition"

(*Piersielak v Amyell Dev. Corp.*, 57 AD3d 1422, 1423 [2008] [internal quotation marks omitted]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Navarro*, 75 AD3d at 591-592). Here, defendants' "own submissions raise an issue of fact" with respect thereto (*Walter v United Parcel Serv., Inc.*, 56 AD3d 1187, 1188 [2008]; *see Simmons v Oswego County Sav. Bank*, 306 AD2d 825, 826 [2003]). Finally, defendants contend that summary judgment was warranted because the ice on which plaintiff slipped was open and obvious. We reject that contention. "The fact that a dangerous condition is open and obvious does not negate the duty to maintain premises in a reasonably safe condition but, rather, bears only on the injured person's comparative fault" (*Bax v Allstate Health Care, Inc.*, 26 AD3d 861, 863 [2006]). Present—Fahey, J.P., Carni, Lindley, Green and Gorski, JJ.