■ JAMES EDICK, Respondent, v GENERAL ELECTRIC COMPANY et al., Appellants. [951 NYS2d 251]—

Egan Jr., J. Appeal from an order of the Supreme Court (McNamara, J.), entered March 7, 2012 in Albany County, which partially denied defendants' motion for summary judgment dismissing the complaint.

In December 2008, plaintiff was injured when he slipped on a patch of ice and fell while working on a construction project in Schenectady County. The property where plaintiff's injury occurred was owned by defendant General Electric Company

(hereinafter GE); defendant LeChase Construction Services, LLC was the general contractor for the underlying project and plaintiff's employer, Peter Luizzi and Brothers, was the paving subcontractor.

On the morning in question,[1] plaintiff arrived at the GE site and met up with one of his coworkers, Deric Van Wie. Both plaintiff and Van Wie performed asphalt finish work using large paving rollers. Part of this process entailed periodically filling the roller drums with water, which was obtained from fire hydrants located on the site.

In preparation for paving operations that day, plaintiff and Van Wie set out to fill a 10-ton roller with water from a fire hydrant located beyond the edge of a paved parking lot.[2] Due to concerns that the roller might become stuck in the soil surrounding the hydrant, Van Wie drove the roller while plaintiff walked ahead of him, testing the ground as he went. As is evident from both the pictures in the record and the examination before trial testimony, the area in question was rutted and covered with a light dusting of snow. Although plaintiff previously had obtained water from this hydrant without incident, as he approached the hydrant on this particular morning, he slipped on a patch of ice and fell, fracturing his right ankle.

Plaintiff thereafter commenced this action against defendants alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court dismissed plaintiff's Labor Law §§ 240 (1) and 241 (6) claims, but otherwise denied the motion. This appeal by defendants ensued.

We affirm. "Labor Law § 200 [represents] a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Weinberg v Alpine Improvements, LLC*, 48 AD3d 915, 918 [2008] [internal quotation marks and citation omitted]; *see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1220 [2007]). To meets its initial burden on the motion for summary judgment, GE was required to establish, as a matter of law, that it did not create the allegedly dangerous condition or have actual or constructive notice thereof (*see Harrington v Fernet*, 92 AD3d

---

1. Although not dispositive of this appeal, there appears to be some dispute as to whether plaintiff's accident occurred on the morning of December 8, 2008 or December 9, 2008.

2. Although the record contains photographs depicting the accident site, neither the photographs nor the underlying examination before trial testimony makes clear where this hydrant was located.

1070, 1071 [2012]; *Weinberg v Alpine Improvements, LLC*, 48 AD3d at 918-919; *Beadleston v American Tissue Corp.*, 41 AD3d 1074, 1076-1077 [2007]). GE made no such showing here, contending instead that its general duty to provide a safe work site did not extend to removing snow or ice from the area where plaintiff fell because that location was not frequented by pedestrian traffic.

Regardless of whether GE was obligated to remove snow and ice from the area in question, the photographs in the record depict heavy equipment in the general vicinity of plaintiff's accident, as well as numerous ruts and tire tracks, all of which suggest the presence of construction activity in that area. Further, plaintiff testified that he used this particular hydrant, which the record suggests was owned by GE, on many occasions during the course of the ongoing paving operations. Such proof, coupled with the proximity of the fire hydrant to a paved parking lot, raises factual issues with respect to the frequency with which workers such as plaintiff utilized the area in question, as well as GE's awareness of such practices and the reasonableness of its response thereto. Accordingly, Supreme Court properly denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as to GE.[3]

We reach a similar conclusion with respect to plaintiff's claims against LeChase. Where, as here, a plaintiff's injuries result from an allegedly unsafe or dangerous condition at the work site, " 'the liability of [the] general contractor . . . depends upon whether [it] had notice of the dangerous condition and control of the place where the injury occurred' " (*Allen v Telergy Network Servs., Inc.*, 52 AD3d 1094, 1096 [2008], quoting *Wolfe v KLR Mech., Inc.*, 35 AD3d 916, 918 [2006]; *see Cook v Orchard Park Estates, Inc.*, 73 AD3d 1263, 1264 [2010]). Even assuming that LeChase played no role in deciding where plaintiff would obtain the water for the rollers or which hydrant to use for that purpose, questions of fact nonetheless remain as to

___

3. Our conclusion in this regard is not altered by the fact that both plaintiff and Van Wie testified that no one from GE personally told them which hydrant to use, the manner in which they should fill the roller or how to otherwise go about their work. Although such testimony arguably establishes that GE did not control the manner in which plaintiff performed his work, this is not a "means and methods" case; rather, this is a "dangerous premises" case and, as such, GE's ability to supervise or control plaintiff's work is irrelevant (*see Sullivan v RGS Energy Group, Inc.*, 78 AD3d 1503, 1503 [2010]; *Beadleston v American Tissue Corp.*, 41 AD3d at 1077; *compare Gray v City of New York*, 87 AD3d 679 [2011], *lv denied* 18 NY3d 803 [2012], *with Gasques v State of New York*, 59 AD3d 666 [2009], *affd* 15 NY3d 869 [2010]).

whether LeChase had notice of the dangerous condition alleged and/or the authority to control the area where plaintiff's accident occurred.

As a final matter, we reject defendants' assertion that they are entitled to summary judgment based upon the application of the storm in progress rule, which affords "[a] party in possession or control of real property . . . a reasonable period of time after the cessation of a storm in which to take protective measures to correct storm-created hazardous ice and snow conditions" (*Parker v Rust Plant Servs., Inc.*, 9 AD3d 671, 672 [2004] [internal quotation marks and citation omitted]; *see Grinnell v Phil Rose Apts., LLC*, 60 AD3d 1256, 1256 [2009]; *Mosquera v Orin*, 48 AD3d 935, 936 [2008]). Even assuming that this rule applies to the particular facts of this case, defendants' own proof fails to establish—as a matter of law—that there was an ongoing or recently concluded storm at the time of plaintiff's accident. Notably, and as Supreme Court aptly observed, the opinion offered by defendants' meteorologist as to the time period during which the offending ice necessarily must have formed is conclusory and completely unsupported by the record (*see Sullivan v RGS Energy Group, Inc.*, 78 AD3d 1503, 1503-1504 [2010]). Accordingly, that part of defendants' motion for summary judgment seeking dismissal of the Labor Law § 200 and common-law negligence causes of action was properly denied.

Peters, P.J., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.