■ JOSEPH GRANATO, Respondent, v BELLA VISTA GROUP ASSOCIATES et al., Appellants. [657 NYS2d 474] —Peters, J. Appeal

from an order of the Supreme Court (Kahn, J.), entered June 18, 1996 in Albany County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint.

On December 6, 1991 at approximately 10:00 A.M., plaintiff was injured when he slipped and fell in the loading dock area behind a Fay's Drug store located in Colvin Plaza in the City of Albany. Plaintiff was working as a delivery person at the time. After backing his truck up to the loading dock, he exited the vehicle, climbed up the steps to the loading dock and rang the door bell. He then proceeded down the steps and, while walking toward his truck, he slipped and fell. It was snowing at the time of plaintiff's accident, the snow having started at approximately 1:00 A.M. that day.

After the accident, plaintiff commenced two personal injury actions against various defendants, including the owner, property managers and certain lessees of Colvin Plaza (hereinafter collectively referred to as defendants).* Following joinder of issue, defendants moved to consolidate the actions and for summary judgment dismissing the complaint. Supreme Court consolidated the two actions, but denied defendants' motion for summary judgment. This appeal by defendants ensued.

Defendants contend that summary judgment dismissing the complaint should have been granted because a storm was in progress at the time of plaintiff's accident and they had no duty to remedy any hazardous snow or ice-related condition created by the storm until a reasonable time after the storm ended (*see, Zima v North Colonie Cent. School Dist.,* 225 AD2d 993; *Fusco v Stewart's Ice Cream Co.,* 203 AD2d 667). Plaintiff, however, asserts that summary judgment was properly denied because questions of fact exist as to whether his fall was proximately caused by a preexisting icy condition created by a storm which had occurred some days prior to the accident. In support of this argument, plaintiff relies upon corrections he made to his deposition testimony in which he indicated that he fell on "snow covered ice". He further points to information contained in climatological data annexed as exhibit "F" to defendants' motion which discloses that three inches of ice and freezing rain fell in the Albany area on December 3, 1991 and

---

* The first action was voluntarily discontinued against defendants Fay's, Inc. and Fay's Drug Company, Inc. There are other defendants, however, in the first action and additional defendants in the second action, all of whom have appealed. It appears that defendants, Bella Vista Group Associates, Bella Vista Development Corporation, Bella Vista Management, Inc. and Bella Vista Group, Inc., have filed the notice of appeal on behalf of the remaining defendants.

that two inches of ice remained on the ground just prior to the December 6, 1991 storm.

Viewing the evidence in the light most favorable to plaintiff, there is simply no proof that ice from a prior storm remained in the particular area where plaintiff fell at the time of the accident or that this "old" ice caused his fall. We find his theory too speculative and conjectural to defeat defendants' motion for summary judgment (see, Jornov v Ace Suzuki Sales & Serv., 232 AD2d 855; Croff v Grand Union Co., 205 AD2d 856). Accordingly, defendants' motion must be granted and the complaint dismissed.

Mercure, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied defendants' motion for summary judgment; said motion granted, summary judgment awarded to defendants and complaint dismissed and, as so modified, affirmed.