■ ELIZABETH PACELLI et al., Respondents, v CAROL PINSLEY et al., Appellants. [699 NYS2d 530] —Spain, J. Appeal from an order of the Supreme Court (Keniry, J.), entered April 6, 1999 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

Around 10:00 A.M. on February 3, 1997, plaintiff Elizabeth Pacelli (hereinafter plaintiff) left her office building in the City of Saratoga Springs, Saratoga County, to walk to a nearby restaurant to buy coffee and lunch. It had been snowing since 6:30 A.M. and there was about one inch of new snow on the ground at the time of the accident. No precipitation had been recorded during the 36 to 44 hours prior to this snowfall. Plaintiff was walking on the sidewalk in front of defendants' professional office building when she slipped and fell, fracturing her right leg, a condition which caused her to miss work for eight months. Defendants were out of town at the time of the accident but had maintenance contracts for snow and ice removal on their sidewalks and parking lot.

Plaintiff and her husband, derivatively, commenced this negligence action against defendants. At her deposition, plaintiff testified that there was a hard, crusty, thick layer of ice underneath the new snow covering the sidewalk where she fell. Two of plaintiff's co-workers, who arrived on the scene shortly after she fell, testified that there was an accumulation of ice beneath the fresh snow. The emergency medical technician who came to the scene of the accident confirmed in a sworn affidavit that the sidewalk was extremely slippery due to ice

buildup underneath the snow, that it was obvious to him that the ice had "been there for quite awhile and made the sidewalk extremely hazardous", and that "it was obvious that nothing had been done to maintain the sidewalk". Plaintiffs' consulting meteorologist opined that the ice had been created by weather conditions and precipitation occurring in the days prior to the accident, rather than by the weather conditions present on the day of the accident, and their consulting engineer testified that water tended to accumulate on the sidewalk where plaintiff slipped. By contrast, the contractor responsible for snow removal from defendants' sidewalks testified that he shoveled the walk around 7:00 A.M. on the day of the accident and that there was no ice present.

Following completion of discovery, defendants unsuccessfully moved for summary judgment dismissing the complaint, arguing that since it was snowing when plaintiff fell they are entitled to a reasonable time after the cessation of the storm to clear the sidewalk of snow and ice. Defendants now appeal and we affirm.

It is well established that landowners are under a duty to exercise reasonable care under the circumstances in the maintenance of their property (*see, Marcellus v Littauer Hosp. Assn.*, 145 AD2d 680, 681) and may be excused from liability for hazardous conditions caused by an ongoing storm (*see, Schleifman v Prime Hospitality Corp.*, 246 AD2d 789, 790). For plaintiffs to defeat defendants' summary judgement motion premised upon this "storm in progress" defense, and support their claim that it was not precipitation from the ongoing storm which caused this fall, plaintiffs have the burden of producing admissible evidence that the ice that caused plaintiff's slip and fall existed prior to the storm in progress (*see, Jornov v Ace Suzuki Sales & Serv.*, 232 AD2d 855, 856), and that defendants had actual or constructive notice of the hazard (*see, Stern v Ofori-Okai*, 246 AD2d 807, 808). "Constructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action [citation omitted]" (*Boyko v Limowski*, 223 AD2d 962, 964).

Here, we agree with Supreme Court's conclusion that plaintiffs satisfied their burden of producing sufficient, admissible evidence that the ice was a preexisting hazard and was not created by the storm in progress so as to defeat defendants' motion. At least one eyewitness and one expert specifically testified to the preexisting icy condition of the sidewalk beneath the fresh snow, while plaintiff and two other eyewitnesses

observed that the ice was thick and crusty, or that there was an "accumulation" of ice beneath the fresh snow. Certainly, if the contractor in fact shoveled the walk three hours before the accident, and if the ice was in fact present at the time he shoveled, defendants at least had constructive notice of the hazard (*see, Boyko v Limowski, supra,* at 964).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.