DOROTHY SPICER et al., Appellants, v ESTATE OF ROBERT ONDEK, Deceased, Respondent. [875 NYS2d 614]—

Stein, J. Appeal from an order of the Supreme Court (Kramer, J.), entered February 11, 2008 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

In February 2003, plaintiff Dorothy Spicer (hereinafter plaintiff) was injured when she slipped and fell as she was leaving the residence of Robert Ondek (hereinafter decedent) and M. Carol Ondek. Snow had been falling for over an hour and about an inch had accumulated. Plaintiff asserted that she slipped on ice and snow on the driveway that had fallen prior to that day. Plaintiff and her husband, derivatively, commenced this action alleging that the driveway had been negligently maintained. Decedent thereafter moved for summary judgment,

arguing that the accident had occurred during a storm in progress.* Supreme Court granted the motion and plaintiffs appeal.

We reverse. It is established that "[a] party in possession or control of real property has a reasonable period of time after the cessation of a storm in which to take protective measures to correct storm-created hazardous ice and snow conditions" (*Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668 [1994]; *see Mosquera v Orin*, 48 AD3d 935, 936 [2008]). Decedent met his initial burden on the motion by demonstrating that a storm was in progress when the accident occurred (*see Mosquera v Orin*, 48 AD3d at 936). Plaintiffs were thus required "to establish that the accident was caused by ice that existed prior to the storm . . . rather than precipitation from the storm in progress," as well as that the Ondeks had actual or constructive notice of the preexisting condition (*id.*; *see Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]).

Here, plaintiff worked at the Ondek residence three days a week beginning in December 2002. On the day in question, the storm began about the time that plaintiff arrived at the residence, and plaintiff stated that there was packed snow and ice on the driveway and that she had to walk carefully. According to plaintiff, the snow and ice was a few inches thick, covered a substantial area and had been present before the day of the accident. Moreover, in the two days prior to the accident, temperatures were below freezing and no precipitation had fallen. Viewing the evidence in the light most favorable to plaintiffs, a question of fact exists as to whether a preexisting condition caused plaintiff's fall and whether that condition "was visible and apparent and existed for a sufficient period of time prior to the accident to permit [the Ondeks] to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964 [1996]; *see Saunders v Bryant's Towing*, 27 AD3d 992, 994-995 [2006]; *Pacelli v Pinsley*, 267 AD2d 706, 707-708 [1999]).

Cardona, P.J., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.

---

* M. Carol Ondek died before this action was commenced. Decedent died, apparently while his motion was pending before Supreme Court, and his estate was substituted as the party defendant.