■ Julie Anne O'Neil et al., Appellants, v Ric Warrensburg Associates, LLC, Defendant and Third-Party Plaintiff-Respondent. James C. Davis, Doing Business as Davis Construction Company, Third-Party Defendant-Respondent. [933 NYS2d 768]—

Lahtinen, J.

At about 6:50 A.M. on January 23, 2006, plaintiff Julie Anne O'Neil (hereinafter plaintiff) parked her vehicle in a parking lot owned by defendant. It was snowing lightly, about one half of an inch of snow had already fallen that morning and the temperature was in the mid 20s. As plaintiff walked toward her place of employment, she slipped and fell on an alleged patch of ice located under the newly fallen snow. Plaintiff and her husband, derivatively, commenced this action and, thereafter, defendant brought a third-party action against the contractor who provided snow removal at the premises. Following disclosure, motions ensued and, as relevant to this appeal, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion and partially granted a motion in the third-party action. Plaintiffs appeal.

It is undisputed that it was snowing at the time that plaintiff fell. Under such circumstances, defendant had a reasonable period after the storm stopped to remedy storm-related dangerous snow and ice conditions (*see Mosquera v Orin*, 48 AD3d 935, 936 [2008]; *Sanders v Wal-Mart Stores, Inc.*, 9 AD3d 595, 595 [2004]). "For plaintiffs to defeat defendant['s] summary judgment motion premised upon this 'storm in progress' defense, and support their claim that it was not precipitation from the ongoing storm which caused this fall, plaintiffs have the burden of producing admissible evidence that the ice that caused plaintiff's slip and fall existed prior to the storm in progress, and that defendant[ ] had actual or constructive notice of the

hazard" (*Pacelli v Pinsley*, 267 AD2d 706, 707 [1999] [citations omitted]; *see Spicer v Estate of Ondek*, 60 AD3d 1234, 1235 [2009]).

Plaintiff submitted an affidavit stating that, after she parked, she walked a few steps before falling on snow-covered ice. Her fall pushed snow away and she observed a layer of ice under the thin coating of snow. An individual who witnessed plaintiff fall from an estimated distance of two-to-three car lengths averred that she could see ice where plaintiff had fallen. Plaintiffs' expert, a meteorologist, opined that the patch of ice that caused plaintiff's fall had been present for 30 hours prior to the fall. He based his opinion upon weather records establishing that, on January 21, 2006, the temperature had risen into the 50s with light rain and then had fallen below freezing that night and remained so for the 30 hours until the accident. Plaintiffs' expert had visited the accident scene and further added that melting snowbanks between January 18, 2006 and January 21, 2006, when temperatures were above freezing, would have also drained and then frozen late on January 21, 2006 where plaintiff fell about 30 hours later. With respect to the opinion of defendant's expert that compressed snow from the ongoing storm would have created the slippery condition, plaintiffs' expert noted that snow does not easily compact to a slippery surface at the temperatures prevailing that morning and that the area had not yet been heavily traveled at the early hour plaintiff fell. While conflicting proof was certainly presented, including the affidavit of defendant's expert, we find that when the evidence is viewed in the light most favorable to plaintiffs, there are factual issues as to whether preexisting ice caused plaintiff's fall and whether the location and length of existence of the ice provided defendant with notice of the condition (*see Spicer v Estate of Ondek*, 60 AD3d at 1235; *Pacelli v Pinsley*, 267 AD2d at 707-708).

Mercure, J.P., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant's motion for summary judgment; motion denied; and, as so modified, affirmed.