McCarthy, J.
Appeal from an order of the Supreme Court (Ferradino, J.), entered May 18, 2012 in Saratoga County, which denied defendant’s motion for summary judgment dismissing the complaint.
As plaintiff was walking down the front steps of defendant’s house carrying defendant’s daughter, plaintiff allegedly caught her foot on artificial grass carpeting covering one of the steps, stumbled to the walkway, stepped into a crack in the concrete and fell. Plaintiff commenced this negligence action to recover for injuries allegedly sustained in her fall. Defendant moved for summary judgment dismissing the complaint, claiming, among other things, that she had no notice of a defective condition. Supreme Court denied the motion. Defendant appeals.
Supreme Court properly denied defendant’s motion. To prevail on her motion, defendant had the threshold burden of showing that she “maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition” (Candelario v Watervliet Hous. Auth., 46 AD3d 1073, 1074 [2007]; accord Raczes v Horne, 68 AD3d 1521, 1522 [2009]). Although defendant denied actual notice of any defect, she did not offer any proof that she maintained her property in a reasonably safe condition. She testified that two years before plaintiffs accident, defendant’s then-boyfriend removed the artificial grass carpeting from all but one step, as the carpeting was stuck to that step. Defendant admitted that she did not do anything to remove the carpeting from that one step, or do any other kind of maintenance or repair work on the steps since she moved into the home in 1996. She also acknowledged that the crack in the walkway was present since 1996. Viewing defendant’s submissions in the light most favorable to plaintiff, as the nonmovant (see Candelario v Watervliet Hous. Auth., 46 AD3d at 1074), defendant failed to satisfy her threshold burden.
*1227 Even if defendant did meet her initial burden, plaintiff raised triable questions of fact. Plaintiff submitted photographs of the steps showing that the artificial grass carpeting may have created an uneven surface on the one step. In contrast to defendant’s assertion that the crack in the walkway was open and obvious, plaintiff presented her deposition testimony indicating that a rubber mat had previously been covering that area of the walkway; defendant denied having such a mat. The parties also presented contradictory testimony regarding whether defendant had instructed plaintiff to use a wheelchair and ramp rather than carrying defendant’s daughter down the stairs. These questions of fact should be presented to a jury to resolve. Accordingly, Supreme Court properly denied defendant’s motion for summary judgment.
Peters, PJ., Stein and Spain, JJ., concur. Ordered that the order is affirmed, with costs.