## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  May 14, 2015                    519322
_____

ROBERT E. HARVEY JR. et al.,
                    Appellants,

        v                                    MEMORANDUM AND ORDER

LAZ PARKING LTD, LLC, et al.,
                    Respondents.
_____

Calendar Date:  March 24, 2015

Before:  Peters, P.J., Egan Jr., Rose and Lynch, JJ.

_____

        Ziff Law Firm, LLP, Elmira (Christina Bruner Sonsire of counsel), for appellants.

        Goldberg Segalla, Albany (Mark P. Donohue of counsel), for LAZ Parking Ltd, LLC, respondent.

        Hiscock & Barclay, LLP, Elmira (Justin L. Salkin of counsel), for City of Elmira, respondent.

_____

Lynch, J.

        Appeal from an order of the Supreme Court (O'Shea, J.), entered April 2, 2014 in Chemung County, which, among other things, granted defendants' motions for summary judgment dismissing the complaint.

        Plaintiff Robert E. Harvey Jr. (hereinafter plaintiff) and his spouse, derivatively, commenced this action seeking damages for injuries plaintiff sustained on February 2, 2008 at approximately 10:30 p.m. when he slipped and fell on ice after leaving a hockey game at the First Arena in the City of Elmira, Chemung County.  The area where plaintiff fell, a former city

street now closed to traffic and used as a pedestrian area, is the property of defendant City of Elmira. While no party claimed to be responsible for removing snow and ice from the pedestrian area, defendant LAZ Parking Ltd, LLC cleared an adjacent sidewalk pursuant to an agreement with the City. It is not clear from the record exactly where plaintiff fell, but he claimed that when he left the hockey game, there was "misty drizzle" and that he slipped on "ice" while crossing the pedestrian area to reach one of the adjacent sidewalks. Defendants moved for summary judgment dismissing the complaint on various grounds. Supreme Court granted their motions on the ground that the incident occurred during a storm in progress, prompting this appeal.

A landowner has no duty to remedy a dangerous condition resulting from a storm while the storm is in progress and has a reasonable amount of time after the storm has ended to take corrective action (see O'Neil v Ric Warrensburg Assoc., LLC, 90 AD3d 1126, 1126 [2011]; Mosquera v Orin, 48 AD3d 935, 936 [2008]). Here, defendants relied on plaintiff's sworn testimony that he did not see any ice before he fell and that there was precipitation — "kind of like a freezing rain" — during and after the hockey game. Plaintiff described the ground as slushy and wet after the game, but did not notice these conditions walking into the arena before the game. Relying, in part, on plaintiff's characterizations of the conditions, as well as weather data and climatological records from the day before and the day of plaintiff's fall, defendants' expert, Howard Altschule, a meteorologist, opined that plaintiff fell on ice that was formed between approximately 8:53 p.m. and 9:53 p.m. on February 2, 2008. In our view, Supreme Court properly found that defendants' submissions were sufficient to demonstrate that the ice was formed by the ongoing weather conditions, that is, the temperature fluctuations and drizzle during the evening on February 2, 2008 (see Micheler v Gush, 256 AD2d 1051, 1052 [1998]).

As defendants demonstrated that the storm in progress doctrine applied, Supreme Court properly shifted the burden to plaintiffs to produce "admissible evidence that the ice that caused plaintiff's slip and fall existed prior to the storm in progress, and that defendant[s] had actual or constructive notice

of the hazard" (O'Neil v Ric Warrensburg Assoc., LLC, 90 AD3d at 1126-1127 [internal quotation marks and citation omitted]; see Convertini v Stewart's Ice Cream Co., 295 AD2d 782, 783 [2002]). To this end, plaintiffs relied on affidavits by George Wright, a meteorologist, and John A. Allin, a professional snow and ice management specialist. Wright opined that plaintiff fell on ice resulting from precipitation that fell no later than 1:27 a.m. on February 2, 2008, some 19 hours before the accident. While agreeing with Altschule that the temperature dipped below freezing between 8:53 p.m. and 9:53 p.m. on February 2, 2008, Wright rejected Altschule's claim that the "freezing drizzle" that evening produced the ice. In doing so, however, he relied in part upon photographs taken several hours after the fall that were not received into evidence. Allin opined that defendants' practice of removing snow and ice from the sidewalks adjacent to the walkway without clearing the walkway "triggered the forseeable development of black ice and/or exacerbated the dangerous build-up of ice on the walkway from the sidewalk's ice and snow run-off as soon as the temperature shifted." Allin's opinion was premised on his belief that the snow and ice removed from the sidewalks were deposited onto the walkway.

In our view, plaintiffs' submissions failed to raise a question of fact as to whether plaintiff fell on preexisting ice. The claim that defendants deposited piles of snow in the walkway or that piles of snow existed in the walkway on the day of plaintiff's fall is not supported by the record and neither Altschule nor Wright testified that there was any significant snowfall in the days preceding plaintiff's fall. While there was an ice storm warning and about 0.90 inches of precipitation on February 1, 2008, the record shows that the temperature remained above freezing for approximately 33 hours before dropping below freezing at 8:53 p.m. on February 2, 2008. To the extent that plaintiffs' experts relied on the photographs taken hours after the accident, we discern no error in Supreme Court's determination not to consider the photographs that were presented with an untimely surreply affidavit (see CPLR 2214 [c]; Wilcox v Newark Val. Cent. Sch. Dist., 107 AD3d 1127, 1130 [2013]). Moreover, since there was no testimony that the photographs depicted the conditions at the time of plaintiff's fall, they were not competent evidence (see Lustenring v 98-100 Realty, 1

AD3d 574, 577-578 [2003], lv dismissed and denied 2 NY3d 791 [2004]). This is particularly so since the experts agreed that the temperature dipped below freezing again shortly after the accident. We find that plaintiffs' claims are too speculative to allow an inference that plaintiff fell on preexisting ice created by defendants' snow removal efforts, or that defendants had actual or constructive notice of any such hazard (see Granato v Bella Vista Group Assoc., 239 AD2d 781, 783 [1997]; Jornov v Ace Suzuki Sales & Serv., 232 AD2d 855, 857 [1996]).

Finally, we do not believe that plaintiffs' appendix on this appeal was so deficient as to warrant the imposition of sanctions pursuant to CPLR 5528. Given the foregoing, the remaining arguments are academic.

Peters, P.J., Egan Jr. and Rose, JJ., concur.


ORDERED that the order is affirmed, with one bill of costs.




ENTER:


Robert D. Mayberger
Clerk of the Court