*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 25, 2016                521542
_____

DANIEL POTTER et al.,
                    Respondents,

        v                                    MEMORANDUM AND ORDER

YMCA OF KINGSTON & ULSTER
    COUNTY,
                    Appellant.
_____


Calendar Date:  January 11, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____


        Roemer Wallens Gold & Mineaux, LLP, Albany (Matthew J.
Kelly of counsel), for appellant.

        Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel),
for respondents.

_____


McCarthy, J.P.

        Appeal from an order of the Supreme Court (Work, J.),
entered May 5, 2015 in Ulster County, which denied defendant's
motion for summary judgment dismissing the complaint.

        At approximately 5:20 a.m. on February 11, 2013, plaintiff
Daniel Potter slipped on ice and fell as he walked across
defendant's parking lot.  Potter and his spouse, derivatively,
commenced this negligence action against defendant seeking
damages based on Potter's injuries.  Defendant moved for summary
judgment dismissing the complaint.  Supreme Court denied
defendant's motion, and defendant now appeals.

Defendant failed to establish as a matter of law that the precipitation from a storm in progress was the sole proximate cause of Potter's fall. As is relevant to this inquiry, a defendant is permitted a reasonable period of time after a storm ceases to remedy related dangerous snow and/or ice conditions (see O'Neil v Ric Warrensburg Assoc., LLC, 90 AD3d 1126, 1126 [2011]; Mosquera v Orin, 48 AD3d 935, 936 [2008]). When a defendant produces evidence that a plaintiff fell on snow and/or ice during or immediately after such a storm, it is incumbent upon a plaintiff, in order to avoid summary judgment, to produce evidence that raises an issue of fact as to whether dangerous snow and/or ice that contributed to the accident existed prior to that storm so as to provide actual or constructive notice to the defendant (see O'Neil v Ric Warrensburg Assoc., LLC, 90 AD3d at 1126; Pacelli v Pinsley, 267 AD2d 706, 707 [1999]).

Defendant submitted proof in the form of a sworn statement from a meteorologist that light snow and/or freezing rain began falling at 4:54 a.m. on the day of the accident and that such weather left less than one tenth of an inch of new precipitation on the ground. Assuming that this was sufficient to establish that Potter fell during or immediately after a storm, plaintiffs raised issues of fact as to causation. Plaintiffs submitted certified records from the National Climatic Data Center that established that, two days prior to the accident, .94 inches of rain and 8.1 inches of snow had fallen. Further, Potter averred that ice on defendant's parking lot had built up over a significant period of time during the winter and prior to his fall. In addition, defendant's chief executive officer and president explained that defendant's automatic snow and ice removal service was "purely a plowing contract." She further explained that, for sand or salt to be applied, defendant would have had to make a specific request, which would have resulted in an additional services bill for defendant's records. She explained that her records did not indicate that any sanding or salting services had been provided in February. Considering the significant precipitation two days prior to the alleged storm in progress, Potter's observations that ice had been accumulating in the parking lot prior to the morning of the accident and the concession that defendant's only snow and ice maintenance during February would have been plowing, material issues of fact

preclude summary judgment (see O'Neil v Ric Warrensburg Assoc., LLC, 90 AD3d at 1127; Spicer v Estate of Ondek, 60 AD3d 1234, 1235 [2009]).

Defendant also failed to establish as a matter of law that it was not negligent in its lighting of the parking lot or that such negligence did not contribute to Potter's fall. Defendant's submissions contained both contradictory proof as to whether defendant's parking lot lights were functioning at the time of the accident and the deposition testimony from Potter's spouse, who explained that, at the time of the accident, it was too dark to see the ice on the surface of the parking lot. Such evidence reveals material questions of fact requiring a trial (see Murphy v Hometown Real Estate, 132 AD3d 1126, 1127-1128 [2015]; Macri v Smith, 12 AD3d 896, 897 [2004]). Defendant's remaining contentions are also without merit.

Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court