■ MICHELE GRIGUTS, Appellant, v ALPIN HAUS SKI SHOP, INC., Respondent, et al., Defendants. [54 NYS3d 737]—

Clark, J. Appeal from an order of the Supreme Court (Hoye, J.), entered December 22, 2015 in Montgomery County, which, among other things, granted a motion by defendant Alpin Haus Ski Shop, Inc. for summary judgment dismissing the complaint against it.

On January 7, 2011, at roughly 10:30 a.m., plaintiff fractured her left wrist after she slipped and fell on snow and/or ice while walking on the sidewalk in a strip mall owned by defend-

---

ant Alpin Haus Ski Shop, Inc. (hereinafter defendant). Plaintiff thereafter commenced this negligence action alleging that, as relevant here, defendant failed to maintain the premises in a reasonably safe condition.[1] Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and plaintiff now appeals.

While a landowner has a duty to maintain the premises in a reasonably safe condition, a landowner "has no duty to remedy a dangerous condition resulting from a storm while [that] storm is in progress and has a reasonable amount of time after the storm has ended to take corrective action" (*Harvey v Laz Parking Ltd, LLC*, 128 AD3d 1203, 1204 [2015]; *see Sherman v New York State Thruway Auth.*, 27 NY3d 1019, 1020-1021 [2016]; *Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]). To establish that the alleged dangerous condition was caused by a storm in progress, defendant relied on the affidavit and report of its expert meteorologist, Howard Altschule, who stated that a "steady, continuous light to occasionally moderate snow" fall began at 12:45 a.m. on January 7, 2011, continued through the afternoon and resulted in roughly 2½ inches of snow accumulation at the time of plaintiff's fall.[2] Based on his review of the relevant weather data and climatological records, including a winter weather advisory that cautioned against "slippery" road conditions on January 7, 2011, Altschule opined that the snow accumulation, "combined with very cold ground and air temperatures[,] caused very slippery, dangerous and icy surfaces to develop when compacted down." The sworn testimony given by plaintiff and a witness of plaintiff's fall confirmed that it was snowing on the morning in question and that there was an accumulation of snow on the sidewalk where plaintiff fell. Together, this evidence was sufficient to satisfy defendant's initial burden of establishing that plaintiff sustained her injury as a result of a dangerous condition created by the ongoing winter storm (*see Sherman v New York State Thruway Auth.*, 27 NY3d at 1021; *Harvey v Laz Parking Ltd, LLC*, 128 AD3d at 1204; *Thompson v Menands Holding, LLC*, 32 AD3d 622, 624 [2006]).

The burden thus shifted to plaintiff to produce admissible evidence that the dangerous condition that caused her slip and fall existed prior to the storm and that defendant had actual or

---

1. Plaintiff also asserted negligence claims against occupants of a store in defendant's strip mall. However, plaintiff has since discontinued those claims.

2. Altschule asserted that there were previously only "trace" amounts of snow on exposed, untreated and undisturbed surfaces.

constructive notice of that preexisting hazardous condition (*see O'Neil v Ric Warrensburg Assoc., LLC*, 90 AD3d 1126, 1126-1127 [2011]; *Mosquera v Orin*, 48 AD3d 935, 936 [2008]). To that end, plaintiff primarily relied on the deposition testimony of the witness to her fall, as well as the report and affidavit of her expert meteorologist, Richard Westergard. The witness asserted that he had observed untreated patches of black ice on the sidewalk where plaintiff fell and that he himself had slipped on one of those patches. The witness, however, acknowledged that he did not know when or how the ice patches had formed. Westergard acknowledged that there was a light snow fall that continued on and off prior to and through the time of plaintiff's fall and that it likely resulted in an accumulation of snow on the sidewalk. He stated, however, that the snow was "fluffy and powdery" and, therefore, "would not have readily packed into an ice layer[,] but would have served to cover and obscure . . . any [preexisting] ice on the sidewalk." He opined that the untreated patches of black ice observed by the witness were the result of several days of melting and refreezing of "any snow on or near the sidewalk and parking lot" that remained untreated after a snow event that had occurred roughly 12 days earlier.

While temperature data recorded at the Albany International Airport—a location roughly 25 miles away from the site of plaintiff's fall—demonstrated that there could have been melting and refreezing in the days before the accident, plaintiff produced no further evidence identifying any specific conditions on or near the sidewalk that could have caused an accumulation of meltwater on the sidewalk that subsequently froze (*compare Hannigan v Staples, Inc.*, 137 AD3d 1546, 1549 [2016]; *Vincent v Landi*, 123 AD3d 1183, 1185 [2014]; *Urban v City of Albany*, 90 AD3d 1132, 1134 [2011], *lv dismissed* 18 NY3d 921 [2012]; *O'Neil v Ric Warrensburg Assoc., LLC*, 90 AD3d at 1127). Rather, plaintiff's own deposition testimony established that she had visited the plaza in the week preceding her fall—after the earlier snow event—and had not observed any snow or ice conditions on the sidewalk or in the parking lot. In view of the foregoing, we agree with Supreme Court that plaintiff's claims that she fell on preexisting ice created by several days of melting and refreezing and that defendant had actual or constructive notice of the alleged icy condition are speculative (*see Harvey v Laz Parking Ltd, LLC*, 128 AD3d at 1205; *Mosquera v Orin*, 48 AD3d at 937; *Convertini v Stewart's Ice Cream Co.*, 295 AD2d 782, 783-784 [2002]). Thus, plaintiff's submissions were insufficient to defeat defendant's motion for summary judgment dismissing the complaint.

Garry, J.P., Lynch, Rose and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.