Washington v Trustees of The M.E. Church of Livingston Manor (2018 NY Slip Op 04622)





Washington v Trustees of The M.E. Church of Livingston Manor


2018 NY Slip Op 04622


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525681

[*1]SYLVIA WASHINGTON, Respondent,
v
TRUSTEES OF THE METHODIST EPISCOPAL CHURCH OF LIVINGSTON MANOR, Doing Business as LIVINGSTON MANOR UNITED METHODIST CHURCH, Appellant.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Michael Frey, Barryville, for appellant.
Sobo & Sobo, LLP, Middletown (Courtney Campbell of counsel), for respondent.


McCarthy, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Schick, J.), entered August 3, 2017 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint.
On January 18, 2015, after attending a church service on defendant's property, plaintiff slipped on ice in the parking lot. Plaintiff commenced this negligence action to recover for injuries related to her slip and fall. Following joinder of issue, defendant moved for summary judgment dismissing the complaint, contending that it had no duty to remedy the icy condition during an ongoing storm. Supreme Court denied the motion. Defendant appeals.
Supreme Court did not abuse its discretion in relying on plaintiff's expert affidavit. CPLR 3212 (b) provides that, "[w]here an expert affidavit is submitted in support of, or opposition to, a motion for summary judgment, the court shall not decline to consider the affidavit because an expert exchange pursuant to [CPLR 3101 (d) (1) (i)] was not furnished prior to the submission of the affidavit." Defendant contends that, regardless of this statute, the court erred in considering the affidavit because plaintiff violated both a November 2016 order directing [*2]plaintiff to serve expert discovery by a certain date and the Third Judicial District Expert Disclosure Rule — requiring an opposing party to file its expert disclosure, at the latest, within 60 days after the note of issue was filed, subject to preclusion of the expert unless the court directs otherwise. Because the court's November 2016 order and the note of issue are not included in the record, we cannot adequately review whether plaintiff actually violated the order or rule. In any event, Supreme Court was vested with broad discretion in addressing this expert disclosure issue (see McColgan v Brewer, 84 AD3d 1573, 1576 [2011]; Gross v Sandow, 5 AD3d 901, 902 [2004], lv dismissed and denied 3 NY3d 735 [2004]), and we find no abuse of that discretion.
Supreme Court properly denied defendant's summary judgment motion because plaintiff raised a triable issue of fact. "A property owner will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005] [citation omitted]). Defendant established its prima facie entitlement to summary judgment through certified weather records and affidavits and reports from two meteorologists. Indeed, plaintiff concedes that a storm was in progress at the time she fell. "As defendant[] demonstrated that the storm in progress doctrine applied, Supreme Court properly shifted the burden to plaintiff[] to produce admissible evidence that the ice that caused plaintiff's slip and fall existed prior to the storm in progress, and that defendant[] had actual or constructive notice of the hazard" (Harvey v Laz Parking Ltd, LLC, 128 AD3d 1203, 1204 [2015] [internal quotation marks and citations omitted]; see Parker v Rust Plant Servs., Inc., 9 AD3d 671, 672-673 [2004]).
In opposition to the motion, plaintiff presented her deposition testimony and her affidavit averring that she noticed that the parking lot was icy when she was on the property for church a week earlier and, on the date of her accident, she saw ice that appeared thicker than it had a week prior, "as though it had not been treated with salt or sand." Plaintiff also submitted an expert affidavit and report, based on attached certified weather records that are prima facie evidence of the facts stated therein (see CPLR 4528), concluding that approximately four inches of accumulated snow and ice existed on untreated surfaces at the time and location of the accident, including preexisting snow and ice from events that occurred two or more days before the accident. The record does not definitively indicate that the parking lot had been plowed or treated during the week before plaintiff's fall. Both parties' experts agreed that at most one tenth of an inch of ice accumulated as a result of the freezing rain storm on the date of the accident.
The record does not indicate any actual notice to defendant regarding the hazardous condition, but does contain some evidence of constructive notice. The individual who provides volunteer snow maintenance on the property, and is also a member of defendant's decision-making board, testified and averred that he arrived at the property approximately three hours before plaintiff fell and applied salt to the entire surface of the parking lot. This testimony placed him all over the parking lot, providing constructive notice of the condition of those premises. Although this individual testified that his application of salt remedied the slippery condition in the parking lot and there was only a thin layer of ice by plaintiff's car after her fall, plaintiff's conflicting evidence created a question of fact. Viewing the evidence in the light most favorable to plaintiff, she raised triable issues of fact as to whether the icy condition that caused her fall existed prior to the storm in progress and whether defendant had constructive notice of the hazard (see Gervasi v Blagojevic, 158 AD3d 613, 614 [2018]; McLaughlin v 22 New Scotland Ave., LLC, 132 AD3d 1190, 1191 [2015]; Spicer v Estate of Ondek, 60 AD3d 1234, 1235 [2009]; Pacelli v Pinsley, 267 AD2d 706, 707-708 [1999]).
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.