Marra v Zaichenko (2023 NY Slip Op 01335)

Marra v Zaichenko

2023 NY Slip Op 01335

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

534416
[*1]Anthony Marra, Appellant,
v
Pavel N. Zaichenko, Individually and Doing Business as Soft N' Cushy Auto Upholstery and Accessories, Respondent.

Calendar Date:January 11, 2023

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ.

DeGraff, Foy & Kunz, LLP, Albany (George J. Szary of counsel), for appellant.
Burke, Scolamiero & Hurd, LLP, Albany (Steven V. DeBraccio of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Mark L. Powers, J.), entered October 19, 2021 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.
On the morning of February 12, 2019, plaintiff left his vehicle at Soft N' Cushy Auto Upholstery and Accessories (hereinafter the business) — defendant's business — for service. Prior to his return at approximately 12:30 p.m. to pick up his vehicle, it began to snow. After retrieving his keys, plaintiff exited the building and began to cross the parking lot to where the vehicle was parked. As he reached to open the door of his vehicle, plaintiff slipped and fell sustaining injuries to his shoulder requiring surgery and physical therapy. Thereafter, plaintiff commenced this action alleging negligence on the part of defendant in maintaining the premises. Following joinder of issue, defendant moved for summary judgment dismissing the complaint, alleging that recovery by plaintiff was barred under the storm in progress doctrine. Plaintiff opposed the motion, stating that there were triable issues of fact concerning whether ice present on the premises existed prior to the storm and whether defendant had actual or constructive notice of the ice. Supreme Court granted defendant's motion, finding that he made a prima facie case showing that the storm in progress doctrine applied and that plaintiff failed to raise a triable issue of fact as to whether the ice was present before the storm and, if so, whether defendant had actual or constructive notice of the condition. Plaintiff appeals.
Plaintiff contends that Supreme Court erred in granting defendant's motion for summary judgment as the opinions of his expert witnesses conflict with that of defendant's expert and raise questions of material fact. "To prevail on a motion for summary judgment, the defendant[ ] [is] required to establish that [he or she] did not create a dangerous condition that caused the plaintiff's fall or have actual or constructive notice of that condition" (Carpenter v Nigro Cos., Inc., 203 AD3d 1419, 1420 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]; see Stewart v ALCOA, Inc., 184 AD3d 1057, 1058 [3d Dept 2020]). However, "[a] property owner will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Telesco v Smith, 200 AD3d 1140, 1141 [3d Dept 2021][internal quotation marks and citations omitted]; see Griguts v Alpin Haus Ski Shop, Inc., 150 AD3d 1438, 1439 [3d Dept 2017]). "When a defendant produces evidence that a plaintiff fell on snow and/or ice during or immediately after such a storm, it is incumbent upon the plaintiff, in order to avoid summary judgment, to produce evidence that raises an issue of fact as to whether dangerous snow and/or ice that contributed to the incident existed prior to that storm so as to provide actual or constructive [*2]notice to the defendant" (Stewart v ALCOA, Inc., 184 AD3d at 1058 [internal quotation marks, brackets and citations omitted]; see O'Neil v Ric Warrensburg Assoc., LLC, 90 AD3d 1126, 1126-1127 [3d Dept 2011]).
Here, defendant proffered, among other things, plaintiff's deposition testimony wherein he testified that it was snowing at the time of the incident. Defendant also submitted an affidavit of Alicia Wasula, a meteorologist, who averred that, in her opinion, since the time it started snowing that day, approximately one inch of new snow had fallen. Ultimately, she opined that any snow or ice that was present on the ground at the time of plaintiff's fall was a result of the storm that was currently in progress and that it was "not plausible that [plaintiff's fall] occurred from old ice rather than the storm in progress . . . due to freezing temperatures and minimal snow pack in the days leading up to [the fall]." "Together, this evidence was sufficient to satisfy defendant's initial burden of establishing that plaintiff sustained [his] injury as a result of a dangerous condition created by the ongoing winter storm" (Griguts v Alpin Haus Ski Shop, Inc., 150 AD3d at 1439 [citations omitted]; see Telesco v Smith, 200 AD3d at 1143).
In opposition to defendant's motion, plaintiff submitted, among other things, his deposition testimony wherein he testified that it began snowing within the hour before he picked up his truck. He explained that, prior to his fall, he observed between a quarter of an inch to a half inch of snow on the ground, but that he did not see the ice until after he fell. Plaintiff testified that, after he fell, he went inside and told defendant's employee about the fall, at which time she went outside and started salting the parking lot. Plaintiff also submitted the affidavit of a former employee of defendant, who averred that plaintiff alerted her of his fall in the parking lot. Although the former employee could not recall if there was ice in the precise area where plaintiff fell, she did state that, based on her years of employment at the business, she had personal knowledge that that area was prone to accumulation of moisture and precipitation.[FN1] Plaintiff also proffered the affidavit of Howard Altschule and John Lombardo, certified consulting meteorologists, wherein they stated that, at the time plaintiff fell, only approximately one inch of snow had accumulated. Citing to the former employee's affidavit regarding the area where plaintiff fell being known to be one where moisture and water would accumulate, they stated that, "[g]iven the air temperature conditions and melt/refreeze processes in the days leading up to the accident, it [was] more likely than not that ice was present in the parking lot of [the business]." Altschule and Lombardo ultimately opined that, at the time of plaintiff's fall, the small amount of snow on the ground would have likely covered preexisting ice so that plaintiff would not have initially seen [*3]it. The affidavit also disputed some of Wasula's opinions and included a report reviewing the sources and maps that Altschule and Lombardo consulted in writing the affidavit, including data similar to that utilized by Wasula.
Given the foregoing, viewing the evidence in the light most favorable to plaintiff, we find that he established triable issues of fact as to whether the ice that he slipped on existed prior to the storm that was in progress and whether defendants had actual or constructive notice of same (see Telesco v Smith, 200 AD3d at 1144; O'Neil v Ric Warrensburg Assoc., LLC, 90 AD3d at 1127). Plaintiff's experts based their opinions on weather data similar to that of defendant's expert, as well as additional sources of meteorological data. In reviewing this data, it cannot be said that plaintiff's experts' affidavit was not based on data or was conclusory (see O'Keefe v Wohl, 184 AD3d 1046, 1048 [3d Dept 2020]). Significantly, any disagreements between the experts would present a credibility determination appropriate for the finder of fact, such that summary judgment was inappropriate (see O'Keefe v Wohl, 184 AD3d at 1048; see e.g. Carpenter v Nigro Cos., Inc., 203 AD3d at 1421). Therefore, we find that Supreme Court erred in granting defendant's motion for summary judgment. In light of this determination, we need not reach plaintiff's remaining contentions.
Clark, J.P., and Reynolds Fitzgerald, JJ., concur.
McShan, J. (dissenting).
We agree with our colleagues in the majority that defendant met his burden of establishing the applicability of the storm in progress doctrine through the submission of expert proof and plaintiff's own deposition testimony acknowledging that it was snowing at the time of his fall. However, we part ways as to the sufficiency of plaintiff's submission in opposition. Accordingly, we respectfully dissent.
Because defendant met his initial burden of establishing that a storm was in progress at the time of plaintiff's fall, "[t]he burden [then] shifted to plaintiff[ ] to demonstrate a triable issue of fact as to whether the dangerous snow and/or ice existed prior to the storm and whether defendant[ ] had actual or constructive notice of the hazard" (Telesco v Smith, 200 AD3d 1140, 1143 [3d Dept 2021]; see Parker v Rust Plant Servs., Inc., 9 AD3d 671, 672-673 [3d Dept 2004]). In our view, plaintiff's submissions do not adequately address the specific icy condition that led to his fall and were insufficient to meet his burden in opposition to defendant's motion. To this end, plaintiff's experts generally concluded that "it is more likely than not that ice was present in [defendant's] parking lot," which was predicated on the existence of "trace" amounts of snow and ice from a prior storm that were susceptible to a thaw/refreeze process because of solar radiation from direct sunshine that "sometimes" caused melting to occur in freezing temperatures.[FN2] These statements are not directed toward the specific ice [*4]patch that caused plaintiff's fall and "merely address[ ] general conditions in the vicinity rather than the origin of the specific ice on which . . . plaintiff fell" (Reagan v Hartsdale Tenants Corp., 27 AD3d 716, 718 [2d Dept 2006]; accord Robinson v Trade Link Am., 39 AD3d 616, 617 [2d Dept 2007]). In this respect, the experts' only reference to the precise area that plaintiff fell was the representation of defendant's former employee, who stated that the area where plaintiff fell "was prone to accumulation of moisture or precipitation." However, the employee expressly noted in her affidavit that she could not recall if there was ice in the area where the truck was parked on the day of the incident, and further absent from her statement is any indication that those conditions were present in that area during the days preceding plaintiff's fall (see Griguts v Alpin Haus Ski Shop, Inc., 150 AD3d 1438, 1440 [3d Dept 2017]; Rand v Cornell Univ., 91 AD3d 542, 543 [1st Dept 2012]; Parker v Rust Plant Servs., Inc., 9 AD3d at 673). To the extent that the experts relied upon the photographs submitted alongside the employee's affidavit that purportedly portray the area where plaintiff fell, we note that the only images depicting any ice were posted by the employee to defendant's social media account after the accident, and there was no indication as to the precise date that they were taken and whether the conditions depicted in the photographs preceded or postdated plaintiff's fall. Thus, they do not constitute competent proof of the conditions in that area of defendant's parking lot at the time of the accident (see Harvey v Laz Parking Ltd., LLC, 128 AD3d 1203, 1205 [3d Dept 2015]; Lustenring v 98-100 Realty, 1 AD3d 574, 577-578 [2d Dept 2003], lv dismissed & denied 2 NY3d 791 [2004]; compare Bolloli v Waldbaum, Inc., 71 AD3d 618, 619-620 [2d Dept 2010]). Altogether, these facts render the conclusion of plaintiff's experts, to the extent that it tangentially addresses the potential existence of preexisting ice in the specific area of plaintiff's fall, entirely speculative and conclusory on that point (see Ponce v BLDG Orchard, LLC, 191 AD3d 613, 613 [1st Dept 2021]; Gould v 93 NYRPT, LLC, 191 AD3d 1452, 1453 [4th Dept 2021]; Pankratov v 2935 OP, LLC, 160 AD3d 757, 759 [2d Dept 2018]; Fisher v Kasten, 124 AD3d 714, 715 [2d Dept 2015]; Spinoccia v Fairfield Bellmore Ave., LLC, 95 AD3d 993, 994 [2d Dept 2012]).
The remaining evidence similarly fails to establish that defendant had notice of any preexisting ice where defendant fell. In this respect, defendant's general awareness that moisture or precipitation occasionally accumulated in that area "is not sufficient, in itself, to impute actual or constructive notice of any specific condition existing on the day of the accident" (Mosquera v Orin, 48 AD3d 935, 937 [2008]; see Meyers v Big Six Towers, Inc., 85 AD3d 877, 878 [2d Dept 2011]; Cardinale v Watervliet Hous. Auth., 302 AD2d 666, 667 [3d Dept 2003]; [*5]Convertini v Stewart's Ice Cream Co. Inc., 295 AD2d 782, 784 [3d Dept 2002]; Chapman v Pounds, 268 AD2d 769, 770-771 [3d Dept 2000]).[FN3] To the extent that plaintiff points to defendant's routine maintenance of the parking lot, defendant testified that he had not observed any ice in the parking lot that morning (see Stewart v Canton-Potsdam Hosp. Found., Inc., 79 AD3d 1406, 1407 [3d Dept 2010]; Lyons v Cold Brook Cr. Realty Corp., 268 AD2d 659, 660 [3d Dept 2000]) and, consistent with that account, plaintiff offered no indication that he had observed any ice in the parking lot during his two trips to defendant's establishment until after the point in which he had already fallen (see Pierson v North Colonie Cent. School Dist., 74 AD3d 1652, 1655 [3d Dept 2010], lv denied 15 NY3d 715 [2010]; Mosquera v Orin, 48 AD3d at 937). Altogether, the sum of the proof submitted by plaintiff, even with the benefit of every favorable inference, still requires the factfinder to speculate as to the presence of preexisting ice in the area where plaintiff fell and that defendant had any notice, actual or constructive, of such a condition (see Granato v Bella Vista Group Assoc., 239 AD2d 781, 783 [3d Dept 1997]; Jornov v Ace Suzuki Sales and Serv., 232 AD2d 855, 857 [3d Dept 1996]; Gernard v Agosti, 228 AD2d 994, 995 [3d Dept 1996]).[FN4] For these reasons, we would affirm Supreme Court's dismissal of the action.
Ceresia, J., concurs.
ORDERED that the order is reversed, on the law, with costs, and motion denied.

Footnotes

Footnote 1: We agree with plaintiff's contention that Supreme Court erred by making certain credibility determinations, including the determination that the former employee's testimony was "disingenuous" and in opposition to that of defendant's testimony (see e.g. Iannotti v Two Plus Four Mgt. Co., 209 AD3d 1248, 1250 [3d Dept 2022]; Rock-Wright v O'Connor, 172 AD3d 1507, 1509 [3d Dept 2019]).

Footnote 2: Notably, although plaintiff's experts suggest that a melting and refreezing process occurred on February 9, 10 and 11, 2019, and that melting occurred "as air temperatures rose above freezing," the report notes that temperatures remained below freezing for the three days preceding plaintiff's fall.

Footnote 3: We agree with the majority's finding that Supreme Court's credibility determinations concerning defendant's former employee were improper in the context of a summary judgment motion. Nevertheless, the court's credibility determinations, which were premised on the timing in which plaintiff reported his fall to the employee, bear no relevance to the ultimate determination concerning defendant's notice of the dangerous condition in the parking lot prior to plaintiff's fall.

Footnote 4: Plaintiff also notes that actual or constructive notice was established by the fact that the parking lot required plowing several weeks prior to his fall. However, it is wholly unclear how that fact is in any way relevant to the icy conditions purportedly present on the day of plaintiff's fall. Similarly unavailing is plaintiff's contention that notice of the specific icy condition was established by blacktop repairs to the area of the parking lot where plaintiff fell, which occurred subsequent to plaintiff's fall.