Glennon v West Taft Rd. Assoc., LLC (2023 NY Slip Op 02209)

Glennon v West Taft Rd. Assoc., LLC

2023 NY Slip Op 02209

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

206 CA 22-00684

[*1]DEBORAH R. GLENNON, PLAINTIFF-RESPONDENT,
v
WEST TAFT ROAD ASSOCIATES, LLC, INDIVIDUALLY, ALSO KNOWN AS AND/OR DOING BUSINESS AS, BY AND/OR THROUGH WEST TAFT ROAD ASSOCIATES OR W TAFT RD ASSOCIATES, DEFENDANT-APPELLANT. 

LAW OFFICES OF JOHN WALLACE, SYRACUSE (JOHN F. PFEIFER OF COUNSEL), FOR DEFENDANT-APPELLANT.
NICHOLAS, PEROT, SMITH, WELCH & SMITH, LIVERPOOL (MICHAEL J. WELCH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered April 15, 2022. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she allegedly slipped and fell on ice in a parking lot owned by defendant. Defendant moved for summary judgment dismissing the complaint and now appeals from an order denying its motion. We affirm.
Even assuming, arguendo, that defendant met its initial burden of establishing that plaintiff's fall occurred during a storm in progress and that the condition that caused her to fall was caused by that storm in progress (see Witherspoon v Tops Mkts., LLC, 128 AD3d 1541, 1541 [4th Dept 2015]; cf. Schult v Pyramid Walden Co., L.P., 167 AD3d 1577, 1577 [4th Dept 2018]; see also Battaglia v MDC Concourse Ctr., LLC, 175 AD3d 1026, 1027 [4th Dept 2019], affd 34 NY3d 1164 [2020]), we conclude that plaintiff raised a triable issue of fact whether her " 'accident was caused by a slippery condition . . . that existed prior to the storm, as opposed to precipitation from the storm in progress, and that . . . defendant had actual or constructive notice of the preexisting condition' " (Burniston v Ranric Enters. Corp., 134 AD3d 973, 974 [2d Dept 2015]; see O'Neil v Ric Warrensburg Assoc., LLC, 90 AD3d 1126, 1126-1127 [3d Dept 2011]).
Contrary to defendant's contention, we conclude that the opinion of plaintiff's expert that there was ice in the parking lot before the storm began is supported by the exhibits attached to the expert's affidavit and is not speculative, and that the affidavit also raises triable issues of fact whether defendant had actual or constructive notice of that allegedly dangerous condition (see Ayers v Pioneer Cent. Sch. Dist., 187 AD3d 1625, 1626 [4th Dept 2020]; Johnson v Pixley Dev. Corp., 169 AD3d 1516, 1520-1521 [4th Dept 2019]; Gervasi v Blagojevic, 158 AD3d 613, 614 [2d Dept 2018]; cf. Battaglia, 175 AD3d at 1027-1028; Gould v 93 NYRPT, LLC, 191 AD3d 1452, 1453 [4th Dept 2021]). Inasmuch as the role of the courts in resolving summary judgment motions is "issue finding, not issue determination" (Potter v Polozie, 303 AD2d 943, 944 [4th Dept 2003]; see generally Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957], rearg denied 3 NY2d 941 [1957]), we conclude that Supreme Court properly denied defendant's motion.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court