Grant v Golub Corp.
2026 NY Slip Op 04013
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Katrina Grant, as Administrator of the Estate of David Grant, Deceased, Appellant,
v
The Golub Corporation et al., Respondents.

Decided and Entered:June 25, 2026
CV-24-1539
Calendar Date: May 27, 2026
Before: Aarons, J.P., Pritzker, Ceresia, Fisher And Mcshan, JJ.

Finkelstein & Partners LLP, Newburgh (Michael W. Shanley of counsel), for appellant.
Monaco Cooper Lamme & Carr, PLLC, Albany (Ashley C. DeGennaro of counsel), for respondents.

[*1]
Ceresia, J.
Appeal from an order of the Supreme Court (Dianne Freestone, J.), entered August 8, 2024 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.
David Grant commenced this negligence action to recover for personal injuries sustained when he tripped and fell while shopping at a Price Chopper grocery store owned by defendants in the Town of Glenville, Schenectady County. Following joinder of issue and discovery, defendants moved for summary judgment and plaintiff FN1 opposed. Supreme Court granted defendants' motion and dismissed the complaint. Plaintiff appeals.
"Ordinarily, a defendant moving for summary judgment in a trip and fall case must establish that its property had been maintained in a reasonably safe condition and that it neither created nor had actual or constructive notice of the dangerous condition that caused the plaintiff's fall" (Osterhoudt v Acme Mkts., Inc., 214 AD3d 1181, 1181 [3d Dept 2023] [internal quotation marks and citations omitted]; see Marra v Zaichenko, 214 AD3d 1165, 1166 [3d Dept 2023]; Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 71 [1st Dept 2004]). This burden may be met by demonstrating, as relevant here, "that the condition which caused the plaintiff's injury was both open and obvious and, as a matter of law, was not inherently dangerous" (Rhee v Apple, Inc., 244 AD3d 1149, 1150 [2d Dept 2025]; see Catman v Back Water Grille LLC, 225 AD3d 966, 967 [3d Dept 2024]). However, "[t]he determination of whether a property condition constitutes an actionable defect or is open and obvious generally falls within the province of a jury, as it requires consideration of the unique facts presented by the case before it" (Santiago v National Grid USA Serv. Co., Inc., 235 AD3d 1204, 1205 [3d Dept 2025] [internal quotation marks and citation omitted]). Indeed, "[a] condition that is ordinarily apparent to a person making reasonable use of his [or her] senses may be rendered a trap for the unwary depending on the circumstances of each case" (Legon v Petaks, 70 AD3d 457, 459 [1st Dept 2010] [internal quotation marks and citations omitted]; see Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061, 1062 [2d Dept 2010]). In other words, "the fact that a condition is visible does not necessarily mean it is open and obvious" (Cook v Consolidated Edison Co. of NY, Inc., 51 AD3d 447, 448 [1st Dept 2008]).
In support of their motion, defendants submitted, among other things, the deposition testimony of Grant and plaintiff, as well as surveillance video of Grant's fall and a photograph of the location in question. Grant testified that he was walking around the corner at the end of a grocery aisle when he caught his foot and tripped over something that felt "soft" and "plastic-y," which he believed was a case of water bottles that was either on the ground or protruding over the edge of a shelf on an endcap display. For her part, plaintiff testified that she recalled seeing cases [*2]of water hanging over the edge of the display before Grant fell. The surveillance video depicts Grant emerging from the aisle and tripping in the area of the endcap display, with a case of water tumbling off the display as he went to the ground. The photograph shows the endcap in question containing a vertical stack of cases of water bottles, with the bottom two layers of cases, reaching to approximately knee height, sitting on a low shelf in such a manner that those cases protrude out into the aisle further than the cases above.
Viewed in the light most favorable to plaintiff and affording her the benefit of every favorable inference (see Amici v Mazza, 234 AD3d 1170, 1172 [3d Dept 2025], lv denied 44 NY3d 902 [2025]), defendants' proof failed to establish that the endcap display with the cases of water lowest to the ground projecting into the aisle was open, obvious and not inherently dangerous as a matter of law (see Osterhoudt v Acme Mkts., Inc., 214 AD3d at 1182; Flanger v 2461 Elm Realty Corp., 123 AD3d 1196, 1197 [3d Dept 2014]; Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d at 1061-1062; De Conno v Golub Corp., 255 AD2d 734, 735 [3d Dept 1998]). Further, to the extent that defendants claim that they are entitled to judgment because Grant was merely speculating as to the cause of his fall, we are unpersuaded. "[E]ven when a plaintiff is unable to identify the cause of a fall with certainty, a case of negligence based wholly on circumstantial evidence may be established if the plaintiff shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (Bovee v Posniewski Enters., Inc., 206 AD3d 1112, 1113 [3d Dept 2022] [internal quotation marks and citations omitted]; see Mulligan v R & D Props. of N.Y. Inc., 162 AD3d 1301, 1301 [3d Dept 2018]). It is true that Grant never observed the actual item he tripped over, nor its precise location. However, given Grant's deposition testimony indicating that he tripped over something made of soft plastic, plaintiff's deposition testimony that there were cases of water hanging over the edge of the endcap and the video portraying a case being knocked off the display as Grant tripped and fell, defendant's negligence could reasonably be inferred.
Even if defendants had met their initial burden of showing entitlement to judgment as a matter of law, plaintiff raised a triable issue of fact as to whether the endcap display was inherently dangerous (see Springer v Cone, 111 AD3d 1226, 1227 [3d Dept 2013]; McGrath v Shenendehowa Cent. School Dist., 76 AD3d 755, 758 [3d Dept 2010]). In opposition to the motion, plaintiff submitted the affidavit of a commercial space designer and retail safety expert who opined that the endcap display was hazardous, inasmuch as the bottom layers of water cases were stacked below a customer's typical line of sight, which ranges between three to six feet from the ground. According [*3]to the expert, defendants failed to conform with certain industry standards concerning the proper height of floor displays and the need for endcap displays to be fully stocked to prevent tripping hazards.
Based upon the foregoing, defendants' summary judgment motion should have been denied.
Aarons, J.P., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and defendants' motion for summary judgment denied.

Footnotes

Footnote 1
Grant passed away during the pendency of this appeal and plaintiff, Grant's widow and the administrator of his estate, was substituted on his behalf.